SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
CHATTAH LAW GROUP
5875 S. Rainbow Blvd #203
Las Vegas, Nevada 89118
Tel: (702) 360-6200
Fax: (702) 643-6292
Chattahlaw@gmail.com
Counsel for Plaintiffs

JOSEPH S. GILBERT, ESQ.
Nevada Bar No.: 9033
JOEY GILBERT LAW
201 W. Liberty Street, Suite 210
Reno, Nevada 89501
Tel: (775) 284-7000
Fax: (775) 284-3809
Joey@joeygilbertlaw.com
Co-Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MONICA BRANCH-NOTO, individually and
on behalf of *JOHN DOE MINOR NO. 1*, as
guardian of said minor, TIFFANY PAULSON,
individually and on behalf of JOHN DOE
MINOR *NO. 2* and JANE DOE MINOR *NO.
1*, as guardian of said minors,

          Plaintiffs,

          vs.

STEPHEN F. SISOLAK, in his official capacity
as Governor of the State of Nevada, AARON
DARNELL FORD, in his official capacity as
the Attorney General of the State of Nevada,
CLARK COUNTY SCHOOL DISTRICT, a
public entity, DOES 1 through 100.

          Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

**Case No.**

**CIVIL RIGHTS
COMPLAINT FOR
DAMAGES AND
INJUNCTIVE AND
DECLARATORY
RELIEF**

**JURY TRIAL
DEMANDED**

**COMPLAINT**

COME NOW, Plaintiffs, MONICA BRANCH-NOTO, TIFFANY PAULSON, who bring this action on behalf of their minor children, by and through the undersigned attorneys of record, SIGAL CHATTAH, ESQ., of the CHATTAH LAW GROUP, and JOSEPH S. GILBERT, ESQ., of JOEY GILBERT LAW, who hereby complain of Defendants and each of them and allege as follows:

**PARTIES**

**A.    The Plaintiffs**

1.    Plaintiff, MONICA BRANCH NOTO, is the legal guardian of JOHN DOE MINOR NO. 1, a minor, and brings this action on his behalf, as a student at VANDERBURG ELEMENTARY SCHOOL located in Clark County Nevada, and part of the CLARK COUNTY SCHOOL DISTRICT.

2.    Plaintiff, TIFFANY PAULSON is the legal guardian of JOHN DOE MINOR NO. 2, and JANE DOE MINOR NO. 1, and brings this action on their behalf, as students at CORONADO HIGH SCHOOL located in Clark County Nevada, and part of the CLARK COUNTY SCHOOL DISTRICT.

**B.    Defendants**

1.    Defendant STEPHEN F. SISOLAK, was and is at all times relevant herein the Governor of the STATE OF NEVADA.

2.    Defendant AARON DARNELL FORD, was and is at all times relevant herein the Attorney General for the STATE OF NEVADA.

3.    Defendant, CLARK COUNTY SCHOOL DISTRICT ("CCSD") is a public entity duly incorporated and operating under Nevada law as a public school district.

2

4.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 100, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to.  As such, Plaintiffs will seek leave of Court to amend this Complaint to insert the true names and capacities of said Defendant as they become identified.

## NATURE OF ACTION AND JURSIDICTION

5.      This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiffs of rights secured under the Constitution and laws of the United States; retaliating against Plaintiffs; and for refusing or neglecting to prevent such deprivations and denials to Plaintiffs.

6.      This action arises under 42 U.S.C. § 1983 in relation to Defendants' deprivation of Plaintiffs' Constitutional rights to Due Process and Equal Protection, Privileges and Immunities clauses, under the Fifth and Fourteenth Amendments to the United States' Constitution.

7.      This action further arises under 42 U.S.C. § 1983 in relation to Defendants' violation of Plaintiffs Ninth Amendment Rights under the United States' Constitution.

8.      Accordingly, this Court has Federal Question Jurisdiction under 28 U.S.C. §§ 1331 and 1343.  This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201; the requested injunctive relief and damages under 28 U.S.C. § 1343(a); and attorneys' fees and costs under 42 U.S.C. § 1988.  Plaintiffs, therefore, seek damages and declaratory and injunctive relief accordingly.

3

9.      The U.S. District Court for the District of Nevada is the appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because it is the District in which Defendants either maintain offices or do substantial official government work in, exercise their authority in their official capacities, and will continue to enforce the Orders and Emergency Directives; and it is the District in which substantially all of the events giving rise to the claims occurred.

10.      This case arose in Clark County, Nevada, and, pursuant to Rule 1-6 of the Local Rules of the District of Nevada should be assigned to the Southern Division of the District of Nevada.

11.      This Court has supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case and controversy described by Plaintiffs' Federal claims.

## CLASS ALLEGATIONS

12.      The treatment to which Plaintiffs, and the class they represent, have and will be subjected to, specifically— parents of children and children attending the Clark County School District, the violation of NRS 414.060, the violation of Plaintiffs' Ninth and Fourteenth Amendment Constitutional rights – were all performed pursuant to the policies, customs, and/or practices of Defendants.

13.      Plaintiffs, on behalf of themselves and of the class of similarly situated persons, seek an order declaring that Defendants' treatment of Plaintiffs pursuant to these policies, customs, and/or practices is unlawful.

14.      Plaintiffs bring this action on their own behalf and on behalf of all persons similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(3).  Plaintiffs seek certification of a class defined as follows:

a.      All persons whose minor children attend the Clark County School District and/or bound by Emergency Directive 0048 Section 5 as a private learning institution in Clark County, Nevada; and are forced to wear mask in accordance with Defendants' Emergency Directive 0048 Section 5 while attending school in Clark County, Nevada.

b.      All persons who were deprived of their Constitutional rights under NRS 414.060;

c.      All persons who were deprived of their Constitutional under the 9th and 14th Amendments of the Unites States Constitution.; and

d.      All persons affected by the wanton and reckless disregard of Defendants' conduct to the detriment of the enrolled students of the State of Nevada.

15.      Pursuant to Federal Rule of Civil Procedure 23(a), the members of the class are so numerous that joinder of all members is impractical.  Plaintiffs do not know the exact number of class members.  Plaintiffs are informed and believe, and thereupon allege that there are more than 10,000 persons in the class defined above.

16.      Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs are informed and believe, and thereupon allege, that there are questions of law and fact common to the class, including but not limited to:

a.      Whether Defendants exceeded the powers granted under NRS 414.060.

b.      Whether Defendants have willfully and wantonly disregarded the Constitutional rights of the children attending Clark County School District and/or private schools subject thereto.

c.      Whether Defendants engaged in child abuse as defined in NRS 200.508 by forcing students to wear masks in accordance with arbitrary and capricious protocols.

d.      Whether the Emergency Directives 0048 specifically Section 5 is an arbitrary and capricious violation of Plaintiffs' 9th and 14th Amendment rights and not supported by substantial evidence or justification of same;

e.      Whether Defendants should be enjoined from engaging in this gross negligence and willful misconduct which has been detrimental to the State of Nevada and its enrolled students.

16.      Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs' claims are typical of the class they seek to represent.  Plaintiffs and the class they seek to represent were all subjected to violations of their Constitutional rights over the course of the past week in the State of Nevada, specifically County of Clark.

17.      Plaintiffs have the same interests and have suffered the same type of injuries as the proposed class.  Each proposed class member suffered actual damages as a result of the challenged conduct.

18.      Plaintiffs' claims arose because of Defendants' policies, customs, and/or practices.  Plaintiffs' claims are based upon the same legal theories as the claims of the proposed class members.

19.      Plaintiffs' counsels have the resources, experience, and expertise to successfully prosecute this action against Defendants.  Counsels knows of no conflicts among any members of the class, or between counsel and any members of the class.

20.      Pursuant to Federal Rule of Evidence 23(b)(3), upon certification, class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

6

21.     If this action is certified as a class action, Plaintiffs contemplate that individual notice will be given to class members, at such last known address by first class mail, as well as notice by publication informing them of the following:

    a.    The pendency of the class action and the issues common to the class;

    b.    The nature of the action;

    c.    The right to "opt-out" of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

    d.    Their right to "opt-out" to be represented by their own counsel and to enter an appearance in the case, otherwise they will be represented by the named class Plaintiffs and their counsel; and

    e.    Their right, if they do not "opt-out", to share in any recovery in favor of the class, and conversely, to be bound by any judgment on the common issues adverse to the class.

## **INTRODUCTION**

22.     In the wake of the novel coronavirus ("COVID-19"), the State of Nevada Executive Administrators and their Agencies hastily instituted a series of State and County-wide orders and emergency directives (the "Orders and Emergency Directives") in an effort to stem the spread of COVID-19.  As well-intentioned as these Orders and Emergency Directives are with respect to the general public's health, safety and welfare, they have become onerous, burdensome and unconstitutional eighteen months into a purported pandemic.

23.     This action challenges the constitutionality of Defendants' Orders and Emergency Directives to curb Plaintiffs' civil rights and liberties by ordering draconian measures and engaging in the intentional infliction of emotional distress of school children

and their parents, by mandating all Clark County School District and private schools therein, fully masked while attending school.

24.     The Due Process Clause of the United States Constitution does not permit a state to infringe on the fundamental right of parents to make child rearing decisions, including arbitrarily forcing children to wear masks in school.

25.     The COVID-19 pandemic still exists and has existed – unabated and unsuppressed – in Nevada since both the declaration of Emergency in March, 2020 and the initiation of the vaccine roll outs in December, 2020.

26.     Nor has the COVID-19 crisis materially changed since the emergency order and associated mask mandate. Although the nominal case count has, on certain days, declined, this appears to be an artifact of reduced testing (the rate of positive tests has not declined) and, in any event, the COVID-19 pandemic in Nevada has not materially abated or worsened since the initial emergency order.

27.     On July 27, 2021, the Clark County School District issued an Updated Mask and Health Guidance for the 2021-22 School Year, requiring students to wear face masks while inside school buildings/facilities, unless medical or developmental conditions prohibit use.

28.     Said guidelines also require all students to wear face masks on all District buses, unless medical or developmental conditions prohibit use.

29.     More than a year after school closures began, the Centers for Disease Control (hereinafter "CDC") acknowledges that "the limited in-person instruction during the pandemic may have had a negative effect on learning for children and on the mental and

emotional well-being of children."[1] Moreover, "[s]tudents benefit from in-person learning, and safely returning to in-person instruction in the fall 2021 is a priority."

30.     The CDC issued updated guidance for COVID-19 prevention in K-12 schools on July 9, 2021, which provides, in relevant portion, as follows: • Masks should be worn indoors by all individuals (age 2 and older) who are not fully vaccinated.

31.     CDC recommended schools maintain at least 3 feet of physical distance between students within classrooms, combined with indoor mask wearing by people who are not fully vaccinated.[2]

32.     According to the CDC, children with COVID-19 typically have mild symptoms or no symptoms at all.

33.     The estimated infection fatality rate for children ages 0-17 is 0.00002%.11 Put another way, children have a one in a million risk of dying from COVID-19. Moreover, a recent review found that the mortality risk for children without serious pre-existing conditions is effectively zero. [3]

34.     For all children, the mortality risk from a COVID-19 infection is lower than from seasonal influenza. [4] The risk of severe disease or hospitalization is about the same. There is currently no evidence of any increased mortality risk from any variant of COVID-19, including the Delta variant.

---

[1] CDC Science Brief: Transmission of SARS-CoV-2 in K-12 Schools and Early Care and Education Programs - Updated
[2] Centers for Disease Control and Prevention, Guidance for COVID-19 Prevention in Kindergarten (K)-12 Schools, updated July 9, 2021.
[3] Think Twice Before Giving the COVID Vax to Healthy Kids | MedPage Today
[4] 2019-20 Season's Pediatric Flu Deaths Tie High Mark Set During 2017-18 Season | CDC

35.     Over the course of the pandemic, 49,000 Americans under the age of 18 have died of all causes, according to the CDC.[5] Only 335 of those deaths have been from COVID-19 — less than half as many as have died of pneumonia. Of those deaths, 116 were between the ages of 5 and 14. In 2019, more than 2,000 American children died in car crashes; each year, approximately 1,000 children die from drowning.[6]

36.     Importantly, the risk of COVID-19 mortality is significantly higher for older adults. Indeed, 80 percent of American COVID-19 deaths have been among those 65 and above. However, according to the White House, 90 percent of American seniors are now fully vaccinated.

37.     On August 4, 2021, Defendant Sisolak issued Emergency Directive 048 which provides:

> **Face coverings are required in county school district, charter school, and private school settings as provided in this Section.**
>
> **In counties with a population of 100,000 or greater, all kindergarten through 12th grade students (regardless of whether they would be exempt from the face covering requirement based on their age) must wear face coverings while inside school buildings unless granted an exemption consistent with this Section. Face coverings are required indoors regardless of vaccination status.**
>
> **Notwithstanding anything to the contrary in Directive 047, in counties with a population less than 100,000, each county school district, charter school, and private school shall adopt a face covering policy that addresses whether or under what circumstances face coverings will be required for students while in school buildings or on school campuses. Any such**

---

[5] Provisional COVID-19 Deaths by Sex and Age | Data | Centers for Disease Control and Prevention (cdc.gov)
[6] 15 https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6637963/

policy must not conflict with the provisions of this Directive or with any face covering requirements imposed by county governments or local health authorities.

In all school settings:

1. All school staff must wear face coverings while inside school buildings, regardless of vaccination status.
2. School building administrators may approve exemptions for:
1. Students who are medically fragile as documented per an existing Individualized Education Program or health-related 504 Plan; or,
2. Students or staff who provide documentation from a qualified Nevada-licensed medical professional that they are exempt in accordance with subsection 3 of section 7 of Directive 024.
3. Unless expressly granted exempted consistent with subsection (2) of this Section, all kindergarten through 12th grade students, and all school staff, must wear face coverings while on school buses.
4. Parents, vendors, volunteers, visitors, and guests who are unable or unwilling to wear face coverings under any circumstances or exemptions should not be allowed on school buses or inside school buildings.

Irrespective of any policy adopted by a county school district, charter school, or private school, if a school-wide outbreak of COVID-19 is identified by the applicable local health authority in any school, the use of face coverings for all students in the affected school building(s) is mandatory and must be immediately implemented. Additional mitigation measures may also be required by the local health authority for that school or school building(s). The face covering requirement and any other mitigation measures remain in effect until the local health authority determines that the outbreak is closed.

All school districts, charter schools, and private schools are strongly encouraged to require all students to wear face coverings while inside school buildings.

38.     If allowed to stand, Defendants' Orders and Emergency Directives will not only continue to violate Plaintiffs' rights under the United States' Constitution, but

39.     Defendants will continue to inflict massive emotional distress on students and parents across Clark County School District. Defendants' Emergency Powers is a clear and blatant abuse of the intent of NRS 414.040.

40.     Nowhere in the history of the State of Nevada, has any Governor ever declared an Emergency for 18 months under NRS 414.060. Such declarations and Emergency Orders are arbitrary and wanton violations of Plaintiffs' Constitutional rights.

41.     Accordingly, Plaintiffs bring this action challenging the Constitutionality of Defendants' Orders and Emergency Directives, which have deprived them of numerous rights and liberties under the United States Constitution along with statutory provisions.

42.     In doing so, Plaintiffs seek: (1) equitable and injunctive relief to enjoin the enforcement of Defendants' Orders and Emergency Directives, specifically section 5 of Directive 0048; (2) declaratory relief from this Court in declaring that Defendants' Orders and Emergency Directives violate Plaintiffs' civil rights under: (a) 42 U.S.C. § 1983 of the Federal Civil Rights Act ("§ 1983"), (b) the Due Process and Privileges and Immunities Clauses of the Fourteenth Amendment, (c) the Ninth Amendment and  (3) attorney's fees and costs for the work done by Plaintiffs' counsel in connection with this lawsuit in an amount according to proof; and (4) for such other and further relief as the Court deems just and appropriate.

## **GENERAL ALLEGATIONS**

43.     The global COVID-19 pandemic brought on by an infectious and communicable disease caused by the recently discovered coronavirus, has caused catastrophic and unprecedented economic damage across the globe, and with it, significant loss of life and

fundamental changes to both world and national economies, and specifically, the manner in which students attend school, if at all.

44.     To be sure, State and United States' officials have faced tremendous adversity in planning, coordinating, and at times executing effective nationwide and statewide policies to protect the general public's health, safety and welfare during this time of crisis.

45.     However, these policies, as well-intentioned as they may be, have had an unlawful and disparate effect on some people, their health, mental wellbeing and their civil rights, to the point where life, liberty and the pursuit of happiness have been ripped away from law-abiding citizens and their children.

46.     On or about March 13, 2020, President of the United States ("POTUS") Donald J. Trump proclaimed a National State of Emergency as a result of the threat of the emergence of COVID-19.

47.     On March 16, 2020, POTUS announced "*15 Days to Slow the Spread* " – Coronavirus Guidelines for America based on the Center for Disease Control ("CDC") recommendations.

48.     Though a Federal Mandate was not issued, these guidelines and recommendations for the general public and State Agencies were made based on COVID-19 projections established by the CDC and the Institute of Health Metrics and Evaluation ("IHME").

49.     Defendant SISOLAK still maintains his tyrannical Emergency Powers under NRS 414.060, eighteen (18) months after the initial declaration, issuing arbitrary and capricious mandates such as Directive 0048.

50.     Over the course of the eighteen (18) months, it became noticeably clear that these projections were grossly over-exaggerated and correlating restrictions were unnecessary.

51.     Specifically, since the initial outbreak in February and March of 2020, the Federal Government's projections of anticipated U.S. deaths related to the virus have decreased substantially, by an order of magnitude.  Yet, despite such revisions, Defendants have continued to increasingly restrict—and in some cases have even outright banned—Plaintiffs' engagement in constitutionally-protected activities.

52.     Chapter 414 of the Nevada Revised Statutes, entitled *Emergency Management,* delineates the Executive Authority that Defendant Governor Sisolak enjoys, and albeit broadly extends certain powers to the Governor, it does not allow for arbitrary and capricious actions, willful misconduct or grossly negligent conduct taken against the State, or against the residents of Nevada or their children.

53.     Accordingly, Defendant Governor Sisolak and other named Defendants engaged in actions that were arbitrary and capricious, grossly negligent, willful misconduct and in bad faith, in the execution and enforcement of those powers delineated in Chapter 414 of the Nevada Revised Statutes, as stated *infra*.

54.     NRS 414.110 specifically precludes immunity for such actions that are based on willful misconduct, gross negligence, or bad faith.

55.     It has become exceedingly clear that Defendant Governor Sisolak and associated Defendants named herein have engaged in gross negligence, bad faith and willful misconduct by issuing Orders and Emergency Directives that are arbitrary and capricious, and unsubstantiated by concrete empirical evidence to merit same.

56.     On August 4, 2021, Defendant Sisolak issued Emergency Directive 0048 which mandated all Nevada Counties with a population of 100,000 or greater, mandatory mask mandates in schools regardless of whether public or private in nature.

14

57.     Accordingly, Plaintiffs' complaint against Defendants, and each of them, for violation of the Federal Civil Rights Act, 42 U.S.C § 1983, to declare and enjoin the enforcement of the following Orders and Emergency Directives:

    a.     Defendant Governor Sisolak's Emergency Directive 0048 section 5;

    b.     Defendant Clark County School District Mask and Heath Guidance for 2021-22 School Year.

58.     Plaintiffs have standing to bring § 1983 claims since they are aggrieved in fact, as parents of children attending Clark County School District that are the subject of enforcement of the overbroad and unconstitutional Orders and Emergency Directives which have the effect of forcing Plaintiffs – which are a collection of Nevada parents of students in the Clark County School District and private schools – to bear a public burden by entirely eviscerating Plaintiffs' ability to send their children to school freely and unhindered by arbitrary directives in violation of their constitutional rights.

59.     Defendants' Orders and Emergency Directives are in violation of 42 U.S.C. § 1983, as is the enforcement of these Orders and Emergency Directives by Defendants, and should be enjoined under § 1983, due to the following circumstances:

    a.     The Orders and Emergency Directives plainly violate the unenumerated rights of Ninth and Fourteenth Amendments in that they unconstitutionally and disparately interfere with Parents' and students' rights to unhindered education without arbitrary and capricious directives precluding same.

    b.     The Orders and Emergency Directives plainly violate the due process and privileges and immunities clause of the 14th Amendment.

    c.     The Orders and Emergency Directives perpetuate State and County sanctioned child abuse as defined in NRS 200.508.

d.     The Orders and Emergency Directives violate Plaintiffs' rights under the Ninth Amendment and are not "narrowly tailored" to further any compelling governmental interest.

60.     Unless and until injunctive relief is granted, Plaintiffs will continue to suffer irreparable harm for which they are left without an adequate remedy at law, in that they are subject to expulsion and/or suspension for refusal to comply with the Emergency Order and Emergency Directives by law enforcement agencies and their agents.

## EQUITABLE ALLEGATIONS

61.     In violation of Federal Constitutional and Statutory provisions, Defendants, and their agents and employees, including Defendants DOES 1 to 100, have, and unless enjoined, will continue to subject the Plaintiff class to constitutional violations and injury that will cause Plaintiffs and the other class members harm, and Plaintiffs will be fearful of exercising their right to have their children attend school without suffering retribution for exercising constitutionally protected rights

## CLAIMS FOR RELIEF

### I.
### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE NINTH AMENDMENT
### Right to Privacy as enforced by 42 § 1983
### (*Against All Defendants*)

62.     Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

63.     The Ninth Amendment to the United States Constitution provides "[T]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people. *United Public Workers v. Mitchell*, 330 U.S. 75 (1947); *United*

16

*States v. Darby*, 312 U.S. 100 (1941), *Griswold v. Connecticut*, 381 U.S. 479 (1965); *Roe v. Wade*, 410 U.S. 113 (1973)

64.     Plaintiffs have a fundamental right to make decisions concerning the custody, control and care of their minor children, under the Ninth and Fourteenth Amendments. *Troxel v. Granville, 530 U.S. 57 (2000).*

65.     Defendants have violated Plaintiffs' rights to make decisions regarding the care of their children under the Ninth and Fourteenth Amendment of the United States Constitution.

66.     Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their Constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders and Emergency Directives.

67.     Pursuant to 42 U.S. C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders and Emergency Directives.

68.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S. C. § 1988.

## II.
## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE PRIVILEGES AND IMMUNITIES CLAUSE OF THE FOURTEENTH AMENDMENT
### (*Against All Defendants*)

69.     Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

70.     Plaintiffs' children have a fundamental interest in attending school unhindered and not being subjected to constitutional violations.

71.     The privileges and immunities of U.S. citizenship cannot be unreasonably abridged by state laws including arbitrary and capricious Emergency Directives.

72.     The Orders and Emergency Directives, and Defendants' enforcement thereof, violate Plaintiffs' rights secured by the Privileges and Immunities Clause of Fourteenth Amendment to the U.S. Constitution.

73.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders and Emergency Directives.

74.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**III.**
**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH**
**AMENDMENT**
(*Against All Defendants*)

75.     Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

76.     Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law."  The fundamental liberties protected by this Clause include most of the rights enumerated in the Bill of Rights.  *See Duncan v. Louisiana*, 391 U.S. 145, 147-149 (1968).  In addition, these liberties extend to certain personal choices central to individual dignity and autonomy,

including intimate choices that define personal identity and beliefs. *See, e.g., Eisenstadt v. Baird*, 405 U.S. 438, 453 (1972); *Griswold v. Connecticut*, 381 U.S. 479, 484-486 (1965).

77.    The Due Process Clause, like its Fifth Amendment counterpart, "guarantees more than fair process." *Washington* v. *Glucksberg, 521 U. S. 702, 719 (1997).* The Clause also includes a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Id.,* at 720; see also *Reno* v. *Flores, 507 U. S. 292, 301-302 (1993).*

78.    Custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder.

79.    Defendants', which expressly deprive Plaintiffs of their rights and liberties by requiring students attend school wearing face masks, did not afford Plaintiffs with a constitutionally adequate hearing with which to present their case for their children not to attend school in masks.

80.    Defendants failed to comply with the procedural and substantive requirements of the United States Constitution in connection with Plaintiffs' rights and liberties as they relate to their respective rights to attend school and send their children to school unhindered by mask mandates

81.    Because Defendants' decisions in issuing the Emergency Directives were made in reliance on procedurally deficient and substantively lawful processes, Plaintiffs were directly and proximately deprived of their liberties, and consequently, their ability to attend schools and/or send their children to schools unhindered by arbitrary and capricious directives.

82.     Because Defendants' decisions were made in reliance upon an arbitrary and capricious interpretation of the Nevada Constitution and related laws and statutes with respect to their ability to order the mask mandates, Plaintiffs were directly and proximately deprived of their liberties absent substantive due process of law, in violation of the Fourteenth Amendment to the U.S. Constitution.

83.     Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders and Emergency Directives.

84.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders and Emergency Directives.

85.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**IV.**
**FOURTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
***(Against All Defendants)***

86.     Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

87.     Upon information and belief, in subjection Plaintiffs' and their children to restraint by forcing the use of masks at all schools in Clark County, Defendants engaged in extreme and outrageous conduct beyond the bounds tolerated in a decent society. In particular the Clark County School District and its agents, are adults and the Plaintiffs' children are young children being forced into these actions.

88.     As a result, Defendants were in a position of authority. Plaintiff and their children are particularly vulnerable because of their ages and their inability to refuse the mask mandates without retaliatory measures taken against them.

89.     Defendants knew Plaintiffs were particularly vulnerable and knew their abusive behavior of Plaintiffs and Plaintiffs minor children would likely result in harm due to their young and vulnerable age.

90.     On information and belief, in committing these abusive acts of requiring masks be worn despite an arbitrary and capricious mandate, Defendants acted with the intent to cause Plaintiffs and their children, and each of them, extreme emotional distress or at a minimum, acted with a reckless disregard as to whether such actions would cause such extreme emotional distress.

91.     Defendants conduct in this regard was outrageous and Defendants acted with the intent to inflict emotional distress, or at a minimum, acted with a reckless disregard as to whether such actions would cause such extreme emotional distress.

92.     All Defendants are liable for injuries proximately caused by the acts or omissions of its employees acting within the scope of their employments.

93.     As a direct and proximate result of Defendants intentional acts, Plaintiffs have incurred damages as alleged herein.

# V.
## FIFTH CLAIM FOR RELIEF
## VIOLATION OF EQUAL PROTECTION CLAUSE OF FIFTH AND FOURTEENTH AMENDMENTS
### (*Against All Defendants*)

94.     Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

95.     At its core, the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution functions as a constitutional guarantee that no person or group will be denied the protection under the law that is enjoyed by similar persons or groups.  In other words, persons similarly situated must be similarly treated.  Equal protection is extended when the rules of law are applied equally in all like cases and when persons are exempt from obligations greater than those imposed upon others in like circumstances.

96.     The Orders and Emergency Directives, and Defendants' enforcement thereof, violate the Fourteenth Amendment, both facially and as-applied to Plaintiffs.  The Fourteenth Amendment of the Constitution provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  Equal protection requires the State to govern impartially—not draw arbitrary distinctions between Counties based solely on differences that are irrelevant to a legitimate governmental objection.

97.     Defendants have intentionally and arbitrarily categorized Emergency Directive 0048, as those Counties whose populations exceed 100,000.00 people, regardless of empirical data as to the spread of the virus.

98.     Defendants preposterously propose that the virus spreads among school children in counties over 100,000 residents, while do not in counties with smaller populations.

99.     Strict scrutiny under the Equal Protection Clause applies where, as here, the classification impinges on a fundamental right – the right to free exercise, including the right to due process and the right to travel (both interstate and intrastate), the right to privacy, among others.

100.     Defendants cannot satisfy strict scrutiny because their arbitrary classifications are not narrowly tailored measures that further compelling government interests, for the reasons stated above.

22

101.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders and Emergency Directives.

102.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders and Emergency Directives.

103.    Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## VI.
### SIXTH CLAIM FOR RELIEF
### NEGLIGENCE
### (*Against All Defendants*)

104.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

105.    Defendants, and each of them, owed a duty to exercise reasonable care in the supervision and well-being of the students of Clark County School District and the State of Nevada.

106.    The consequential ramifications of forcing students to wear masks for extended periods during a school day have disproportional risks to support any benefits such as:

(a)    Those who have myopia can have difficulty seeing because the mask fogs their glasses. (This has long been a problem for medical students in the operating room.)

(b)    Masks can cause severe acne and other skin problems.

(c)    The discomfort of a mask distracts some children from learning.

(d)     By increasing airway resistance during exhalation, masks can lead to increased

levels of carbon dioxide in the blood.

(e)     Masks can be vectors for pathogens if they become moist or are used for too

long.

(f)     Masks may exacerbate anxiety or breathing difficulties for some students;

(g)     Some children compensate for such difficulties by breathing through their

mouths. Chronic and prolonged mouth breathing can alter facial development. It

is well-documented that children who mouth-breathe because adenoids block their

nasal airways can develop a mouth deformity and elongated face.

(h)     Facial expressions are integral to human connection, particularly for young

children, who are only learning how to signal fear, confusion and happiness. Covering

a child's face mutes these nonverbal forms of communication and can result in robotic

and emotionless interactions, anxiety and depression.

(i)     Seeing people speak is a building block of phonetic development. It is

especially important for children with disabilities such as hearing impairment.

107.     Defendants deliberately disregard the harmful effects of the mask mandate on

school children as a result of Directive 0048.

108.     A special relationship exists between the students of the Clark County School

District and the School District, which arises from the mandatory character of school

attendance and comprehensive control over students exercised by school personnel.

109.     CCSD owed Plaintiffs and their minor children, a duty to exercise reasonable

care to prevent harm to Plaintiffs at the hands of anyone, negligently or intentionally.

24

110.     On information and belief, Defendants, and each of them, breached their duty to exercise reasonable care when interacting with Plaintiffs by forcing them to wear masks, thereby engaging in child abuse as defined in NRS 200.508.

111.     As a direct result and proximate result of Defendants' negligence, Plaintiffs have suffered damages as alleged herein.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiffs request that this Court:

(1)     Issue a declaratory judgment with the following:

(a)     Declaration that Defendant Governor Sisolak's Executive Order 2020-01 and Emergency Directive 0048 are null and void, of no effect, as:

(i)     Unconstitutional under the Ninth Amendment;

(ii)     Unconstitutional under the Fourteenth Amendment;

(iii)     Arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the U.S. and/or Nevada Constitutions;

(iv)     Contrary to Constitutional right, power, privilege, or immunity in violation of the U.S. Constitution; and

(v)     In excess of statutory jurisdiction, authority, or limitations, or short of statutory right in violation of the United States Constitution;

(c)     Declaration that Clark County School District Updated Mask and Health Guidance for the 2021-22 School Year is null and void, of no effect, as:

(i)     Unconstitutional under the Ninth Amendment;

(ii)     Unconstitutional under the Fourteenth Amendment;

(iii)     Arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the United States Constitution;

(iv)    Contrary to Constitutional right, power, privilege, or immunity in violation of the United States Constitution; and

(v)    In excess of statutory jurisdiction, authority, or limitations, or short of statutory right in violation of the U.S. Constitutions;

(2)    Set aside and hold unlawful Defendants' Orders and Emergency Directives;

(3)    Permanently enjoin Defendants and all persons and entities in active concert or participation with Defendants, including law enforcement authorities and their agents, from enforcing the Orders and Emergency Directives;

(4)    Issue a TRO and a preliminary injunction preventing Defendants from enforcing or implementing the Orders and Emergency Directives until this Court decides the merits of this lawsuit;

(5)    Permanently enjoin Defendants and all persons and entities in active concert or participation with Defendants from enforcing the Orders and Emergency Directives unless they are issued in accordance with all procedural and substantive due process requirements of the U.S. Constitution;

(6)    Award Plaintiffs damages arising out of their § 1983 Claims, and specifically, under the Ninth Amendment to the U.S. Constitution.

(7)    Award Plaintiffs the reasonable value of the loss of their businesses by virtue of Defendant Governor Sisolak's Orders and Emergency Directives;

(8)    For such other and further relief to which Plaintiffs may show themselves justly entitled; and

///

///

(9)     For an award of reasonably attorneys' fees and his costs on his behalf expended as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988.

## **AFFIRMATION**

The undersigned does hereby affirm that this document does not contain the social security number of any person.

DATED this  12th  day of August, 2021

**CHATTAH LAW GROUP**

/s/ *Sigal Chattah*
SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
CHATTAH LAW GROUP
5875 S. Rainbow Blvd. #203
Las Vegas, Nevada 89118
Tel.:(702) 360-6200
*Attorney for Plaintiffs*

**JOEY GILBERT LAW**

By: */s Joseph S. Gilbert*
    Joseph S. Gilbert, Esq.
    Nevada Bar No.: 9033
    JOEY GILBERT LAW
    201 W. Liberty Street, Suite 210
    Reno, Nevada 89501
    Tel: (775) 284-7000
    *Attorney for Plaintiffs*