AARON D. FORD
  Attorney General
Craig A. Newby (Bar No. 8591)
  Deputy Solicitor General
State of Nevada
Office of the Attorney General
555 E. Washington Ave, Ste. 3900
Las Vegas, NV 89101
(702) 486-3420 (phone)
(702) 486-3773 (fax)
cnewby@ag.nv.gov

*Attorneys for State Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MONICA BRANCH-NOTO, individually and on behalf of JOHN DOE MINOR NO. 1, as guardian of said minor, TIFFANY PAULSON, individually and on behalf of JOHN DOE MINOR NO. 2 and JANE DOE MINOR NO. 1, as guardian of said minors,<br><br>Plaintiffs,<br>vs.<br><br>STEPHEN F. SISOLAK, in his official capacity as Governor of Nevada, AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada, CLARK COUNTY SCHOOL DISTRICT, a public entity, DOES 1 through 100,<br><br>Defendants. | Case No. 2:21-cv-01507-JAD-DJA<br><br>**REPLY SUPPORTING STATE DEFENDANTS' MOTION TO DISMISS**<br><br>**(Hearing Requested)** |

Defendants Stephen F. Sisolak, in his official capacity as Governor of the State of Nevada and Aaron D. Ford, in his official capacity as Attorney General for the State of Nevada (collectively the "State Defendants") reply in support of their motion to dismiss Plaintiffs' complaint.

This reply is made and based on the following memorandum of points and authorities, all the papers and pleadings on file herein, and any argument that this court chooses to entertain.

. . .

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

As a matter of law, Plaintiffs' claims are insufficient and the motion to dismiss must be granted. Plaintiffs' opposition ignores Defendants' citations and arguments. Specifically, Plaintiffs do not specifically address how they can assert claims pursuant to the Ninth Amendment, the federal Privileges and Immunities Clause, the Equal Protection Clause, and state torts against the State Defendants in this federal court. Each of those claims must be dismissed with prejudice.

At its core, Plaintiffs conclude they have the constitutional right not to wear a mask outside the home at a public school, as a matter of substantive due process. No court considering this issue during the ongoing pandemic has recognized such a right because *no such right exists* under the Constitution to threaten other students and staff with transmission of communicable diseases. Binding Supreme Court precedent prioritizes public health over such a non-existent constitutional right. Stated differently, having children who are not yet eligible for vaccination wear masks to protect the safety of others and themselves does not shock the conscience and easily meets rational basis review. No other federal court to date has ruled otherwise on school mask policies and nothing warrants a different result here.

Instead, Plaintiffs wish to substitute their own judgment for that of Nevada's politically accountable officials, whom Nevadans elected to make these difficult decisions. Indeed, Plaintiffs contend that "it is simply **more rational** to mask Clark County School District's faculty and staff, who are more susceptible to COVID-19 complications, rather than 320,000 students in Clark County School District who demonstrate little to no symptoms."[1]

Neither Plaintiffs nor their counsel are accountable to any Nevadan should their conclusions harm the public. Plaintiffs' counsel is not even accountable to *Plaintiffs*, as they

---

[1] ECF No. 20 at 4:7-10 (retaining emphasis from original). As set forth herein and in its opposition to the emergency motion, the State Defendants and the CDC disagree with Plaintiffs' conclusion that this is "more rational."

have ignored this class action by already filing a new state court case against the same mask policies by the same defendants.[2] In contrast, these Defendants are politically accountable to all Nevadans for keeping schools operating and Nevada's children safe while the pandemic continues. While the State Defendants submit that CDC guidance on school mask policies has been further supported by recent CDC scientific studies, resulting in a better policy than that proposed by Plaintiffs, the State Defendants agree with Plaintiffs that this court's current determination is limited to "whether Plaintiffs have constitutional claims to be adjudicated."[3] It is not for this court to decide whether or which school masking policy is best.

Here, as set forth in the State Defendants' motion to dismiss, Plaintiffs do not have constitutional claims requiring additional information to be adjudicated. Because there is no constitutional right to not wear a mask outside the home, Plaintiffs' claims fail as a matter of law. The motion to dismiss should be granted with prejudice.

## II. LEGAL ANALYSIS

### A. Plaintiffs' Claims Fail as a Matter of Law

#### 1. Plaintiffs' Substantive and Procedural Due Process Claims Fail as a Matter of Law, as There is No Fundamental Right not to Wear a Mask in Public

##### a. The Substantive Due Process Claim Fails

Plaintiffs contend that "official conduct only violates substantive due process when it 'shocks the conscience.'"[4] The State Defendants agree, submitting that a school mask policy during a global pandemic does not shock any conscience and does not implicate any fundamental right.

Further, Plaintiffs never challenge the State Defendants' argument and authorities that there is no fundamental constitutional right to not wear a mask.[5] Plaintiff neither argue why such cases from this global pandemic are not applicable to this case nor cite any

---

[2] *See Ruiz et al. v. Sisolak et al.*, Case No. A-21-843061-C (Nev. D. Ct., Oct. 22, 2021).
[3] ECF No. 20 at 9:15-16.
[4] ECF No. 20 13:13-16 (citing *Gantt v. City of Los Angeles*, 717 F.3d 702-707 (9th Cir. 2013)).
[5] ECF No. 17 at n. 33-41.

Page **3** of **9**

other case to the contrary. Plaintiffs also ignore existing Supreme Court precedent on the interest of parents in the care, custody, and control of their children, as recognized in *Prince v. Massachusetts*.[6] There, the Supreme Court acknowledged that states have the right to "restrict the parent's control by requiring school attendance, regulating or prohibiting the child's labor, and in many other ways."[7] These ways included "compulsory vaccination for the child" and provisions to prevent exposure of "the community or the child to communicable disease or the latter to ill health or death."[8] Plaintiffs provide no authority as to why any court should ignore *Prince* in the context of this pandemic.

Instead of addressing Defendants' public health authorities, Plaintiffs instead juxtapose school masking policies with parental *medical decisions*, specifically invasive medical examinations[9] and medical procedures.[10] Again, it bears repeating that wearing a mask in public is neither a State mandated medical examination, nor a State mandated medical procedure. If anything, school mask policies are akin to mandatory school uniforms, which the Ninth Circuit has affirmed as constitutional.[11]

Finally, Plaintiffs do not explain how any Defendant lacked legal authority to adopt mask policies to slow the spread of COVID-19. Specifically, Plaintiffs do not explain how the Clark County School Board lacked statutory authority to adopt a school mask policy.[12] Further, Plaintiffs do not articulate how the Governor lacked statutory authority to later adopt its school mask policy to ensure the health of its unvaccinated students in accordance with CDC guidelines for large school districts with substantial to high COVID-19

. . .

. . .

. . .

---

[6] 321 U.S. 158, 166–67, 64 S. Ct. 438, 442, 88 L. Ed. 645 (1944).
[7] *Id.* at 166.
[8] *Id.* at 166-67.
[9] *See, e.g., Mann v. Cty. of San Diego*, 907 F.3d 1154, 1164 (9th Cir. 2018).
[10] S*ee, e.g., Mueller v. Auker*, 700 F.3d 1180, 1187 (9th Cir. 2012).
[11] *Jacobs v. Clark Cty. Sch. Dist.*, 526 F.3d 419 (9th Cir. 2008) (mandatory school uniform policy constitutional).
[12] *See* NRS 392.430(1).

transmission.[13] Particularly here, where Plaintiffs' children can make alternative arrangements to address concerns they have with a school mask policy.[14]

Because no fundamental right is at issue, Plaintiffs are "required to prove that a challenged government action was 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'"[15] Plaintiffs must show that the Government could have *no legitimate reasons* for its actions.[16] A legislative choice "may be based on rational speculation unsupported by evidence or empirical data."[17] As a result, courts can evaluate the rationality of a statute on a motion to dismiss.[18]

Here, more recent CDC studies demonstrate the efficacy of CDC school mask policies, which Defendants have decided to follow.[19] Even Plaintiffs now concede that mask wearing for teachers and staff is rational.[20]

Plaintiffs' substantive due process claim should be dismissed with prejudice.

. . .

. . .

. . .

---

[13] *See* NRS 414.060. While Plaintiffs express their disagreement with the Governor's interpretation of Chapter 414 of the Nevada Revised Statutes, no legal argument is made by them as to why the Governor's interpretation is wrong during the ongoing pandemic.
[14] *See* ECF No. 17 at 9:7-14.
[15] *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996).
[16] *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994) (emphasis added).
[17] *State v. Eighth Jud. Dist. Ct. (Logan D.)*, 129 Nev. 492, 501, 306 P.3d 369, 375–76 (2013) (citing *FCC v. Beach Commc'ns, Inc.,* 508 U.S. 307, 3151 (1993); *Sereika v. State,* 114 Nev. 142, 149, 955 P.2d 175, 179 (1998)) (emphasis added)).
[18] *See HSH, Inc. v. City of El Cajon*, 44 F.Supp.3d 996, 1008 (S.D. Cal. 2014) *see also Olson v. California, 2020 WL 6439166*, at *4 (C.D. Cal. Sept. 18, 2020); *Bd. of Trustees of Leland Stanford Junior Univ. v. Cty. of Santa Clara*, 2019 WL 5087593, at *11 (N.D. Cal. Oct. 10, 2019).
[19] *See* Jehn M, et al., *Association Between K-12 School Mask Policies and School-Associated Covid-19 Outbreaks – Maricopa and Pima Counties, Arizona, July-August 2021*, MMWR Morb Mortal Wkly Rep. ePub, Sept. 24, 2021 (https://www.cdc.gov/mmwr/volumes/70/wr/mm7039e1.htm?s_cid=mm7039e1_w); Budzyn SE, et al., *Pediatric COVID-19 Cases in Counties With and Without School Mask Requirements – United States, July 1, September 4, 2021*, MMWR Morb Mortal Wkly Rep. ePub (Sept. 24, 2021), (https://www.cdc.gov/mmwr/volumes/70/wr/mm7039e3.htm?s_cid=mm7039e3_w).
[20] ECF No. 20 at 4:7-10.

### b. The Procedural Due Process Claim Fails Against the State's Generally Applicable Mask Policy

Procedural due process requires notice and opportunity to be heard.[21] But that does not equal a legal right to an individualized compliance hearing to establish public health policies applicable to all, particularly in a pandemic.

As discussed within the motion, the Ninth Circuit has foreclosed the type of procedural due process theory that Plaintiffs espouse. Procedural due process does not require pre-deprivation process before enacting and enforcing laws of general applicability.[22] The State Defendants will not repeat each unopposed citation again here.

Plaintiffs' citations are premised on individual parental medical decisions to examine or treat individual children, not public health protections. Issues such as providing emergency health care or conducting invasive medical examinations for individual children raise unique facts that may warrant unique attention. Issuing a generally applicable mask policy for all Clark County students to preserve public health does not require individualized due process review, particularly where no Plaintiff has sought individualized review of their child's compliance with the school masking policies.

Plaintiffs' procedural due process arguments fail as a matter of law.

### 2. Plaintiffs do not Make Cognizable Ninth Amendment or Federal Privileges and Immunities Claims

Plaintiffs acknowledge that the "Ninth Amendment obviously does not create federally enforceable rights" and that the Ninth Amendment does "not give parents a right to maintain an action against Defendants' mask mandate."[23] Accordingly, Plaintiffs' Ninth Amendment claim for relief is not cognizable.[24]

. . .

---

[21] *Conner v. City of Santa Ana*, 897 F.2d 187, 1492 (9th Cir. 1990).
[22] *See Halverson v. Skagit Cty.*, 42 F.3d 1257, 1260 (9th Cir. 1994).
[23] ECF No. 20 at 11:15-16; 12:15-16.
[24] Plaintiffs' Ninth Amendment claim is the sole damages claim tied to a specific federal claim, albeit a non-cognizable one, both for the reasons stated above and the Eleventh Amendment. *See* Compl. at 26:18-20.

Plaintiffs did not identify any single "only uniquely federal right" that would be subject to a federal Privileges and Immunities analysis in their opposition.[25] On that basis, Plaintiffs' Privileges and Immunities claim for relief is not cognizable.

### 3. The Eleventh Amendment Prohibits Plaintiffs' State Tort Law Claims Against the State Defendants

Plaintiffs ignore the State Defendants' Eleventh Amendment arguments. Here, Nevada has specifically not waived its Eleventh Amendment immunity.[26] Accordingly, the state tort negligence and intentional infliction of emotional distress claims must be dismissed with prejudice against the State Defendants.[27]

### 4. Plaintiffs' Equal Protection Claim, Premised on County Population, Fails as a Matter of Law

Plaintiffs neither specifically challenge the applicability of rational basis review for its Equal Protection claim nor attempt to distinguish the State Defendants' authorities allowing for different treatment of different county populations.[28] Accordingly, under rational basis review, legislation is presumed to be valid and will be sustained "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose," which places "[t]he burden is on the one attacking the legislative arrangement to *negative every conceivable basis* which might support it."[29]

Plaintiffs provide no response to the State Defendants' suggested plausible bases for the classification, such as the differences in contact tracing and implementation resources, instead concluding without legal support that the policy "grossly violates Plaintiffs' equal

---

[25] ECF No. 20 at 20:1-20.
[26] NRS 41.031(3) ("The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States.").
[27] There is a further claim for damages from "the reasonable value of the loss of their businesses" which is untethered to the substance of Plaintiffs' Complaint pertaining to parents and children and appears to have been from prior litigation by Plaintiffs' counsel against Defendants. *See* Compl. at 26:21-22. To the extent this assertion is not dismissed for not being pled with factual allegations in this Complaint, it should be dismissed pursuant to the Eleventh Amendment.
[28] ECF No. 20 at 19:10-25.
[29] *Heller v. Doe,* 509 U.S. 312, 320, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993) (emphasis added).

protection clause."[30] Because Plaintiffs cannot "*negative every conceivable basis which might support it*," their Equal Protection claim must be dismissed.

## III. CONCLUSION

Plaintiffs have a right to disagree with school masking policies, no matter the scientific evidence and commonsense that supports them during this pandemic. However, Plaintiffs do not have the right to substitute their unaccountable judgment for those who are charged with making policies protecting all Nevadans, particularly elementary school students who cannot yet be vaccinated.

Because there is no legal basis for Plaintiffs' claims, this case should be dismissed with prejudice.

DATED this 27th day of October, 2021.

    AARON D. FORD
    Attorney General

    By: */s/ Craig A. Newby*
        Craig A. Newby (Bar No. 8591)
        Deputy Solicitor General
        *Attorneys for State Defendants*

---

[30] ECF No. 20 at 19:18.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using the electronic filing system on the 27th day of October, 2021, and e-served the same on all parties listed on the Court's Master Service List.

                              /s/ *Traci Plotnick*
                              Traci Plotnick, an employee of the
                              Office of the Attorney General