**RESP**
SIGAL CHATTAH, ESQ.
Nevada Bar No.: 8264
CHATTAH LAW GROUP
5875 S. Rainbow Blvd #203
Las Vegas, Nevada 89118
Tel: (702) 360-6200
Fax: (702) 643-6292
Chattahlaw@gmail.com
*Counsel for Plaintiffs*

JOSEPH S. GILBERT, ESQ.
Nevada Bar No.: 9033
JOEY GILBERT LAW
405 Marsh Ave.
Reno, Nevada 89509
Tel: (775) 284-7000
Fax: (775) 284-3809
Joey@joeygilbertlaw.com
*Co-Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MONICA BRANCH-NOTO, individually and on behalf of JOHN DOE MINOR *NO. 1*, as guardian of said minor, TIFFANY PAULSON, individually and on behalf of JOHN DOE MINOR *NO. 2* and JANE DOE MINOR *NO. 1*, as guardian of said minors,<br><br>Plaintiffs,<br><br>vs.<br><br>STEPHEN F. SISOLAK, in his official capacity as Governor of the State of Nevada, AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada, CLARK COUNTY SCHOOL DISTRICT, a public entity, DOES 1 through 100.<br><br>Defendants | Case No. 2:21-cv-01507 JAD-DJA<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS SISOLAK ET AL'S MOTION TO CONSOLIDATE AND JOINDERS** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SISOLAK ET AL AND CLARK COUNTY SCHOOL DISTRICT'S MOTIONS TO CONSOLIDATE AND JOINDERS THERETO**

COMES NOW, Plaintiff MONICA BRANCH-NOTO ET AL, by and through the undersigned attorneys of record, SIGAL CHATTAH, ESQ., of CHATTAH LAW GROUP, who hereby submit the following RESPONSE TO ALL DEFENDANTS' MOTIONS TO CONSOLIDATE AND JOINDERS THERETO.

## INTRODUCTION

The litigation *sub judice*, involves Plaintiffs who are parents of minors attending Clark County School District, requiring a mask mandate pursuant to Nevada's Governor's Executive Order 0048, in violation of Plaintiffs' procedural and substantive due process rights and various other claims for relief under State law. Defendants seek consolidation of two cases, one based on the Nevada Constitution and Plaintiffs' State Claims for Relief, and the other *sub judice*.[1]

To the extent that the *Burns* matter, includes additional Defendants that are not included in the matter *sub judice* and Ruiz, should be an indication that, common set of facts, do not include common parties or common questions of law.

It is significant to note that there is currently, a Motion to Remand in $2:21-cv-02036-GMN-BNW$, which is fully briefed and is awaiting decision by Hon. Judge Navarro.

## STATEMENT OF FACTS

Plaintiffs' Complaint sub judice filed under 42 U.S.C § 1983 alleges the following claims for relief:

1. Violation of Ninth Amendment

---

[1] Plaintiffs do not have any position on the Burns matter or consolidation, and will defer to the Burns Plaintiffs on same.

  2. Violation of the Privileges and Immunities Clause on the Fourteenth Amendment
  3. Violation of the Due Process Clause of the Fourteenth Amendment
  4. Intentional Infliction of Emotional Distress
  5. Violation of the Equal Protection Clause of Fifth and Fourteenth Amendments
  6. Negligence

  This action challenges the constitutionality of Defendants' Orders and Emergency Directives to curb Plaintiffs' civil rights and liberties by ordering draconian measures and engaging in the intentional infliction of emotional distress of school children and their parents, by mandating students of all Clark County School District, fully masked while attending school.

  Plaintiffs' Complaint in the State Court Action entitled *Jason Ruiz Et Al v Stephen Sisolak Et Al, 2:21−cv−02036−GMN−BNW* alleges the following claims for relief:

  1. Violation of Nevada Constitution Article I § 1.
  2. Violation of Nevada Constitution Article I § 8.
  3. Violation of Nevada Constitution Article I § 20.
  4. Intentional Infliction of Emotional Distress.
  5. Violation of Nevada Constitution Article I § 24.
  6. Negligence.

  Plaintiffs' *Ruiz* Complaint and the causes of action therein, are wholly based on Nevada State Constitutional claims and other State claims for relief. Jurisdiction is proper in the Eighth Judicial District Court and this Court should not exercise supplemental jurisdiction on of these claims.

  Furthermore, Defendants herein have already in previous pleadings asserted that Plaintiffs' State Law Claims *sub judice*, should be dismissed and they have not waived immunity of same.

# LEGAL ARGUMENT

Rule 42 (a) of the Federal Rules of Civil Procedure provides that:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).*

Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law or fact." Fed.R.Civ.P. 42(a). Even if there are some questions that are not common, consolidation is not precluded. *Batazzi v. Petroleum Helicopters, Inc., 664 F.2d 49, 50 (5th Cir. 1981); See Central Motor Co. v. United States, 583 F.2d 470 (10th Cir. 1978).*

Here, Defendants seek to consolidate two cases, each based on different laws, one federal and the second State laws, as a way to allow adjudication of what ultimately are matters to be dispensed by the correct separate jurisdictions. Defendants fail to provide this Court justification as to why the State Court on a pending Motion to Remand is not the proper jurisdiction for State Court Claims.

**A.   DEFENDANTS' CONTRADICTORY POSITIONS ON STATE CLAIMS IN *RUIZ* AND HERE PRECLUDES THEM FROM CONSOLIDATING THE MATTERS**

At the outset, Defendants' request to removal of the *Ruiz* case, is pending a Motion to Remand in *2:21-cv-02036-GMN-BNW*. This Court should allow a decision on the Motion to Remand to State Court be made prior to any consolidation of this matter.

Second, Defendants have requested this Court dismiss the State Claims in the matter *sub judice*, and assured this Court that they have not waived immunity herein as to State Court claims.

However, removal of *Ruiz* from State Court to this Court precludes them from asserting immunity from suit on all federal-law claims in the case, *Walden V. State of Nevada;18-15691 (9th Cir. 2019), Embury v. King, 361 F.3d 562 (9th Cir. 2004).*

Furthermore, "voluntary removal results in the state waiving immunity from suit [in federal court] for state claims if the state has already waived immunity from such claims in its own courts." *Lapides v. Board of Regents, 535 U.S. 613 (2002).*

Most significant though, is that Defendants rest their whole Motion on the fact that the claims in *Ruiz*, mirror the claims here with the exception that *Ruiz* is based on Nevada's constitutional claims and state claims for relief, yet have requested this Court to dismiss such State Claims.

Ironically though, is the argument that Defendants' make in their Motion to Dismiss the State claims in the *Noto* action which includes the following:

> "The Eleventh Amendment prohibits federal courts from hearing suits brought against an un-consenting state" and it generally "bars suits [that] seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." Suits "against state officials that seek[ ] retroactive money damages, to be paid from the state treasury, [are] barred by the [E]leventh [A]mendment as a suit against the state." Here, Nevada has specifically not waived its Eleventh Amendment immunity. Accordingly, these state tort claims must be dismissed with prejudice. Citing to *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). *Blaylock v. Schwinden*, 862 F.2d 1352, 1353 (9th Cir. 1988). NRS 41.031(3) ("The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States").
> See Case 2:21-cv-01507-JAD-DJA [ECF 17] Filed 10/12/21

In Defendants' Motions to Dismiss currently pending herein, they allege immunity and therefore request dismissal of State Actions, and yet, they seek to consolidate the matter with a case with only State claims regardless of a waiver of immunity or the State claims asserted therein.

Additionally, Defendants seek to consolidate the two actions despite the fact that removal of one case to Federal Court will bar the immunity defenses asserted *in the matter sub judice*. Furthermore, a request to divest *this* Court of supplemental jurisdiction over State Claims, and then to request this Court exercise jurisdiction over an action based on State Claims are completely contradictory legal positions that cannot co-exist in a consolidated case or even one that a remand has yet to be determined.

## **CONCLUSION**

Defendants' Motions are premature at the outset, as the *Ruiz* matter is pending a Motion to Remand, which this Court should await decision thereon before consolidation herein should be entertained.

Secondarily, Defendants' contradictory positions on State law claims and immunity should preclude consolidation of this matter at this juncture.

Finally, Defendants fail to provide this Court with adequate substantiation why the State jurisdiction over State claims is the improper jurisdiction for adjudication of said State claims.

///

///

///

///

///

///

Accordingly, Plaintiffs request that these Motions to Consolidate and Joinders thereto be denied.

DATED this _3rd_ day of December, 2021.

**CHATTAH LAW GROUP**

*/s/ Sigal Chattah*
SIGAL CHATTAH, ESQ.
CHATTAH LAW GROUP
5875 S. Rainbow Blvd. #203
Las Vegas, Nevada 89118
Tel.:(702) 360-6200
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December, 2021, I personally served a true copy of the foregoing Plaintiffs' RESPONSE TO ALL DEFENDANTS' MOTION TO CONSOLIDATE AND JOINDERS by the Courts electronic service system to all registered parties:

*/s/ Sigal Chattah*
_____
An Agent of Chattah Law Group