MARK E. FERRARIO
Nevada Bar No. 01625
KARA B. HENDRICKS
Nevada Bar No. 07743
WHITNEY L. WELCH-KIRMSE
Nevada Bar No. 12129
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:  (702) 792-3773
Facsimile:   (702) 792-9002
Email: ferrariom@gtlaw.com
         hendricksk@gtlaw.com
         welchkirmsew@gtlaw.com

*Counsel for Defendant Clark County School District ("CCSD")*

**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MONICA BRANCH-NOTO, individually and on behalf of JOHN DOE MINOR NO. 1, as guardian of said minor, TIFFANY PAULSON, individually and on behalf of JOHN DOES MINOR NO. 2 and JANE DOE MINOR NO. 1, as guardian of said minors,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN F. SISOLAK, in his official capacity as Governor of the State of Nevada, AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada, CLARK COUNTY SCHOOL DISTRICT, a public entity, DOES 1 Trough 100,<br><br>Defendants. | Case No. 2:21-cv-01507-JAD-DJA<br><br>**CLARK COUNTY SCHOOL DISTRICT'S REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE CASE NO. 2:21-cv-01507-JAD-DJA, CASE NO. 2:21-cv-01725-BNW and CASE NO. 2:21-cv-02036-GMN-BNW FOR ALL PURPOSES [ECF NO. 32]**<br><br>**[HEARING REQUESTED]** |

Clark County School District ("CCSD" or "the District"), by and through its undersigned counsel, GREENBERG TRAURIG, LLP, hereby submits this Reply in Support of its Motion to Consolidate *Branch-Noto, et al. v. Clark County School District, et al.* (Case No. 2:21-cv-01507-JAD-

1

DJA) (the "*Branch-Noto* Case"), *Burns, et al. v. Clark County School District, et al.* (Case No. 2:21-cv-01725-BNW) (the "*Burns* Case") and *Ruiz, et al. v. Clark County School District* (Case No. 2:21-cv-02036-GMN-BNW) (the "*Ruiz* Case") for all Purposes ("CCSD's Motion").

## **INTRODUCTION**

As stated in CCSD's Motion, consolidation of the *Branch-Noto*, *Burns* and *Ruiz* cases is proper because the Plaintiffs are primarily parents who allege similar constitutional and tort claims and damages against similar defendants (e.g., the State and CCSD) and all three cases challenge CCSD's face mask requirement at school. Moreover, given these similarities, consolidation will avoid the duplication of witnesses and evidence that will undoubtedly overlap. If these cases survive dismissal, discovery is likely to involve evidence related to COVID-19 mitigation measures, impacts of masks, CCSD's decision making process related to its policy as well as the enforceability of Governor Sisolak's Emergency Order 48 and CCSD's Policy which followed. Significantly, these cases are at the identical state of the litigation process and discovery has yet to begin; therefore, no prejudice will occur if consolidated.

In the face of such obvious commonalities of law and fact, Plaintiffs' Opposition is missing the requisite analysis to show why the cases should not be consolidated. Instead, the *Branch-Noto* and *Ruiz* Plaintiffs oppose consolidation because 1) the named Defendants and claims asserted are not *identical* in all three cases and 2) the *Ruiz* Plaintiffs' Motion to Remand is pending before Judge Navarro. However, these arguments are insufficient to defeat consolidation. First, perfect identity between all claims and defendants is not required to consolidate related matters under FRCP 42(a). Second, if this Court grants consolidation prior to Judge Navarro ruling on the *Ruiz* Plaintiffs' Motion to Remand, it will not impact Plaintiffs' Motion. Therefore, Plaintiffs have not shown prejudice.

This Court should consolidate the *Branch-Noto, Burns* and *Ruiz* cases based on the overlapping questions of law and of fact and in the interests of judicial economy and efficiency under FRCP 42(a).

/ / /

/ / /

/ / /

/ / /

**ARGUMENT**

I.  **PLAINTIFFS CANNOT IGNORE THE OVERWHELMING FACTUAL AND LEGAL SIMILARITIES IN THESE CASES**

In their Response in Opposition to the Motion to Consolidate (Doc. 35) ("Opposition"), Plaintiffs argue consolidation is improper because the cases are based on "different laws" and involve different defendants.[1] (Opp., 2:15-3:20; 4:14). While the parties are not identical in all three cases, there is no disputing they are related parties. FRCP 42(a) does not require the parties to be identical in each action, only a commonality of legal and factual issues.[2] See Zimmerman v. GJS Grp., Inc., 2018 WL 1512603, at *1 (D. Nev. Mar. 27, 2018) (quoting Firefighters, Local 1908 v. County of Clark, 2012 WL 1986590 at *2 (D. Nev. 2012)).

As set forth in CCSD's Motion, the Branch-Noto and Ruiz Cases were filed by parents against CCSD and the State Defendants seeking to declare EO48 and the District's Policy unconstitutional and to enjoin these policies on behalf of all parents and students in the District. Plaintiffs in both cases (represented by the same counsel) assert tort claims as well as claims under 42 U.S.C. §1983 alleging that face mask requirements violate their constitutional rights. Notably, although the Ruiz Plaintiffs allege violation of the Nevada Constitution, their constitutional claims are the state law equivalents of the federal constitutional rights the Branch-Noto Plaintiffs allege CCSD violated (equal protection, due process, and the right to privacy). Because Nevada courts look to federal law to interpret the state law equivalents of protections afforded by the U.S. Constitution, the law applied to Plaintiffs' constitutional claims would be identical in both cases. See State v. Eighth Judicial Dist. Court of State, 306 P.3d 369, 377 (Nev. 2013) ("This court has consistently relied upon the Supreme Court's holdings interpreting the federal Due Process Clause to define the fundamental liberties protected under Nevada's due process clause."); see Laakonen v. District Court, 91 Nev. 506 (1975) (applying the federal standard to testing legislation under the equal protection clause of the state constitution). Moreover, each claim purporting to be a violation of the Nevada Constitution also seeks relief under

---

[1] Notably, Plaintiffs fail to identify any factual differences between the three cases.

[2] To the extent that evidence is admissible against some Defendants but not others, an appropriate jury instruction will cure any potential prejudice.

ACTIVE 61755997v1

federal statutes, 42 U.S.C. §1983 and 42 U.S.C. §1988, which must allege a right secured by the *Constitution or laws of the United States* was violated.[3] Therefore, Plaintiffs cannot demonstrate there are any material differences in the legal issues presented by their constitutional claims in the two cases.

The *Burns* Case was also filed by parents against CCSD; however, the *Burns* Plaintiffs elected to sue CCSD's superintendent and Board of Trustees and not the State Defendants. Likewise, this difference is not sufficient to defeat consolidation. The *Burns* Plaintiffs assert claims under 42 U.S.C. §1983 arguing the District's Mask Policy violates Plaintiffs' procedural and substantive due process rights under the 5th and 14th Amendments and violates a students' fundamental right to a safe public education. *See* Compl., ECF. 1 at pp. 7-10. While the State Defendants are not parties to this lawsuit, Plaintiffs nevertheless appear to challenge the Governor's power to issue and enforce a mask mandate claiming the Order is not an "enforceable law" CCSD is required to follow. CCSD, CCSD's superintendent, CCSD's Board of Trustees and the State Defendants are similarly situated parties as the Governor's Order mandated the use of masks in schools and led to CCSD's Policy.

This Court should not be persuaded by Plaintiffs' attempt to create material differences between these cases when none exist. Here, consolidation is proper because all three cases allege similar claims and damages against similar or same defendants regarding the same policy.

## II. CONSOLIDATION WILL NOT MOOT THE *RUIZ* PLAINTIFFS' PENDING MOTION TO REMAND

Plaintiffs argue that consolidation is premature and will cause prejudice because a Motion to Remand is pending in the *Ruiz* case.[4] (Opp., 2:18-20). However, Plaintiffs do not explain how consolidation will impact the pending Motion to Remand. This Court is equally as capable of deciding the motion if consolidation precedes Judge Navarro's ruling.

As stated in the Motion, Plaintiffs cannot identify any prejudice. Consolidation of these related matters will promote judicial economy. Due to the recent motion practice, this Court is already

---

[3] *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).

[4] Additionally, Plaintiffs appear to argue that the State Defendants in *Ruiz* do not have immunity from state court claims based on removal to Federal Court; however, it is unclear why this would defeat consolidation given the federal rules do not require the legal issues to be identical. (Opp., 5:8-6:11). To the contrary, to the extent Plaintiffs contend that "contradictory positions" are being asserted, it supports consolidation before one court to ensure consistent adjudication.

ACTIVE 61755997v1

familiar with the core legal and factual issues presented by these cases. Further, consolidation will avoid duplication in discovery which will be nearly identical in all three cases.

## CONCLUSION

This Court should consolidate the *Branch-Noto*, *Burns* and *Ruiz* cases based on the overlapping questions of law and of fact and in the interests of judicial economy and efficiency under FRCP 42(a). CCSD respectfully requests this Court grant the Motion to Consolidate.

DATED this 10th day of December 2021.

        **GREENBERG TRAURIG, LLP**

By: */s/ Whitney L. Welch-Kirmse*
    Mark E. Ferrario (Bar No. 1625)
    Kara B. Hendricks (Bar No. 7743)
    Whitney L. Welch-Kirmse (Bar No. 12129)
    10845 Griffith Peak Drive, Suite 600
    Las Vegas, Nevada 89135
    *Attorneys for Defendant Clark County School District*

ACTIVE 61755997v1

# CERTIFICATE OF SERVICE

I hereby certify that on **December 10, 2021**, I caused a true and correct copy of the foregoing *Clark County School District's Reply in Support of its Motion to Consolidate Case No. 2:21-cv-01507-JAD-DJA, Case No. 2:21-cv-01725-BNW and Case No. 2:21-cv-02036-GMN-BNW for all Purposes[ECF NO. 32]* to be electronically filed with the Clerk of the Court using the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

*/s/ Andrea Lee Rosehill*
An employee of GREENBERG TRAURIG, LLP

ACTIVE 61755997v1