MARK E. FERRARIO
Nevada Bar No. 01625
KARA B. HENDRICKS
Nevada Bar No. 07743
TAMI D. COWDEN
Nevada Bar No. 8994
WHITNEY L. WELCH-KIRMSE
Nevada Bar No. 12129
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: ferrariom@gtlaw.com
　　　 hendricksk@gtlaw.com
　　　 cowdent@gtlaw.com
　　　 welchkirmsew@gtlaw.com
*Counsel for Defendant Clark County School District ("CCSD")*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MONICA BRANCH-NOTO, individually and on behalf of JOHN DOE MINOR NO. 1, as guardian of said minor, TIFFANY PAULSON, individually and on behalf of JOHN DOES MINOR NO. 2 and JANE DOE MINOR NO. 1, as guardian of said minors, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN F. SISOLAK, in his official capacity as Governor of the State of Nevada, AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada, CLARK COUNTY SCHOOL DISTRICT, a public entity, DOES 1 Trough 100, <br><br> Defendants. | Case No. 2:21-cv-01507-JAD-DJA <br><br> **CCSD'S MOTION FOR ATTORNEY FEES** <br><br> [Oral Argument Requested] |

/ / /

/ / /

0

Clark County School District ("CCSD"), by and through its undersigned counsel, GREENBERG TRAURIG, LLP, hereby submit this Motion for Attorney Fees ("Motion"). This Motion is based on the following Memorandum of Points and Authorities, the affidavit of Kara B. Hendricks and attachments hereto and any oral argument entertained by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This case should have never been filed. CCSD was forced to expend valuable resources to defend longstanding case law and precedent that support its ability to implement school policies to protect the students its serves. Significantly, as this Court noted in dismissing the Plaintiffs' claims, Plaintiffs' "counsel largely conceded that plaintiff's federal claims are unsupported by any case law." *See* Order Denying Motion for Preliminary Injunction, Granting in Part Motion to Dismiss, and Closing Case, (ECF 38) ("Order"), p. 6, citing Tr. at pp. 26-27. Plaintiffs brought their federal claims knowing that caselaw did not support them, and thus, the claims were frivolous. Pursuant to 42 U.S.C. § 1988, an award of attorneys' fees is justified.

## BACKGROUND

On August 12, 2021, Plaintiffs, claiming to act on behalf of a class of similarly situations persons, brought an action under 42 U.S.C. §1983, seeking damages, and injunctive and declaratory relief against, *inter alia*, CCSD. *See* Civil Rights Complaint for Damages and Injunctive and Declaratory Relief ("Complaint"), (ECF 1). Plaintiffs alleged purported violations of their federal constitutional rights under the Fifth, Ninth, and Fourteenth Amendments. *Complaint,* ¶¶ 5-6. All of Plaintiffs' claims against CCSD were based upon CCSD's adoption of a policy "requiring students to wear face masks while inside school buildings/facilities, unless medical or developmental conditions prohibit use," as well as on CCSD school buses (hereafter, said policy shall be referenced as the "Mask Mandate"). Complaint, ¶ 27.

More specifically, Plaintiffs alleged that the CCSD violated:

- the Plaintiffs right to privacy under the Ninth and Fourteenth Amendments, as the Mask Mandate violated their right to make decisions concerning the care of their children, *id.* at ¶ 65;

1

1      •   the Plaintiffs rights under the privileges and immunities clause of the U.S.
2          Constitution, as it hindered the rights of the Plaintiffs children to attend school,
3          *id.* at ¶¶ 70-72;
4      •   the Plaintiffs rights to due process, as parents were not given "a constitutionally
5          adequate hearing" with respect to the Mask Mandate, *id.* at ¶ 79;
6      •   the Plaintiffs' right to equal protection under the Fifth and Fourteenth
7          Amendments, citing differences in the application of the mask mandate
8          imposed by Nevada's state-wide mask mandate, *id.* at ¶ 94-103.[1]

Additionally, Plaintiffs alleged two state law causes of action, also based on the Mask Mandate. Plaintiffs did not allege that they sought accommodations to the Mask Mandate, and later acknowledged that they had not done so. *Order*, p. 6, citing Tr. at p. 26-27.

Although Plaintiffs announced the filing of the Complaint,[2] Plaintiffs did not actually serve the Complaint on CCSD. Indeed, more than a month after the Complaint was filed, Plaintiffs filed an "Emergency" Motion for Preliminary Injunction, seeking to enjoin enforcement of the Mask Mandate on CCSD. While Plaintiffs' counsel retweeted reports of the filing of this Motion, this Court rejected the filing, noting that there was no proof of service of the Motion on the Defendants, including CCSD. *See* Minute Order, September 22, 2021. It was only after the Court *ordered* Plaintiffs to serve the defendants that CCSD was finally served with the Summons and Complaint. (ECF 12.)

In their Motion for Preliminary Injunction, Plaintiffs quoted extensively from Supreme Court decisions that held that the Ninth Circuit did *not* create a federal protected right. (ECF. 8, pp. 13-14.) Plaintiffs also acknowledged that the parents' right to the "care, custody, and control" of their children is not absolute. Id. at p. 17. While Plaintiffs claimed to have shown that the Mask Mandate was inflicting harm to their children, they themselves acknowledged that the purported increase in carbon

---

[1] On its face, this Cause of Action could not logically apply to CCSD, as CCSD's Mask Mandate applied only in Clark County Schools. Nevertheless, Plaintiffs included CCSD as a defendant in this claim. *Complaint,* at p. 21.

[2] See "Parents sue Sisolak, Clark County School District over mask mandate," Las Vegas Sun, August 12, 2021, last viewed January 5, 2022, and available at https://lasvegassun.com/news/2021/aug/12/parents-sue-sisolak-ccsd-school-mask-mandate/. See also, Exhibit A, Tweet re lawsuit by Plaintiffs' counsel Sigal Chattah.

2

dioxide was "not physiologically significant." *Id.* at p. 10. They also failed to offer any evidence that mask-wearing caused stress. Id. at pp. 11-12.

CCSD and the other Defendants opposed the Motion for Preliminary Injunction, and sought to dismiss the Complaint. (ECF 13, 15-18). In their Reply, Plaintiffs attempted to mischaracterize CCSD's arguments as denying that parents had *any* rights to make medical decisions for their children. (ECF 18, p. 6) ("the proposition that Plaintiffs and parents alike, do not have any rights under Ninth [*sic*] and Fourteen Amendments in the medical and welfare decisions of their children is likewise, concerning.").

A hearing was held on November 16, 2021. As this Court noted, Plaintiffs' counsel denied that a pandemic existed, even though the World Health Organization, the White House, and the United States Supreme Court has acknowledged the existence of pandemic.[3] And, Plaintiffs' counsel acknowledged that a *stricter* mask policy could survive constitutional scrutiny, and that no caselaw supported their federal claims.

This Court dismissed the claims. This Court also rejected the claims under the Fourteenth Amendment due process, noting the substantial precedent upholding the police powers to require citizens to wear various items of protective clothing. *Order*, p. 7. Citing longstanding U.S. Supreme Court and Ninth Circuit authority addressing the limits of such parental rights, this Court found that Plaintiffs had ignored the limited scope of the parental interest once children enter the school, and that parents do not have any entitlement to "undermine local public-health efforts during a global pandemic." *Id.* at p. 10. In short, this Court determined it is well-settled that the methods of addressing public-health issues rests with policymakers, not the courts, and the standards for determining whether state public-health requirements satisfy constitutional requirements are similarly well-settled. *Order*, pp. 10-12, 14. Application of those standards show the absence of merit to Plaintiffs' claims.

This Court also noted that Plaintiffs' reliance on caselaw addressing the due process requirements for interfering with a parent's *custody* of a child have no application to the requirement of wearing a mask. The Court further noted that Plaintiffs' counsel conceded this point at the hearing.

---

[3] *Order*, p. 5, citing Tr. p. 14.

3

*Id.* at p. 16. The Court further pointed that Ninth Circuit precedent has long established that notice and hearing requirements do not apply to government decisions that apply to large segments of the population, as opposed to only a few individuals. *Id*. at 17.

The Court similarly found that long standing precedent foreclosed Plaintiffs' equal protection claim. *Id.* at p. 19. The Court noted that Plaintiffs' counsel had conceded, that there is no precedent in any circuit to support the privileges and immunities claim. *Id.* at p. 20.

This Court also noted the inadequacy of the evidence proffered by Plaintiffs in support of their claims, including the personal declarations by the Parents, the opinion of a freelance writer, and an article that actually supported mask wearing. *Id.* at pp. 13-14.

The Court dismissed all of Plaintiffs' federal claims with prejudice, declining to allow leave to amend because such amendment would be futile. The Court declined to exercise jurisdiction over the state law claim, and therefore, dismissed such claims without prejudice.

## ARGUMENT

CCSD is entitled to an award of the attorney's fees incurred in defending against the Plaintiffs' federal claims.[4] Plaintiffs brought an action which they knew was unsupported by longstanding legal precedent and prolonged service of the case and motion for preliminary injunction without basis. Plaintiffs' claims were frivolous and CCSD should be awarded its attorneys' fees.

A.  **CCSD is Entitled to its Attorneys' Fees.**

CCSD is entitled to attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54-14, and Title 42 U.S.C. § 1988.

   1.  **CCSD Is Entitled to Its Costs as the Prevailing Party**.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . should be allowed to the prevailing party." A party is considered a prevailing party where it "succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278 – 79 (1st

///

---

[4] CCSD is not seeking to recover its costs.

4

Cir. 1978). Here, because Plaintiffs' claims against CCSD were dismissed, CCSD is unquestionably the prevailing party. Here, CCSD is seeking to recover the costs it incurred *via* attorneys' fees.

### 2. CCSD Is Entitled to an Award of Attorneys' Fees.

A prevailing party in a proceeding brought under 42 U.S.C. § 1983 may move for an award of reasonable attorney's fees. 42 U.S.C. § 1988. "In enacting § 1988, . . .Congress sought "to protect defendants from burdensome litigation having no legal or factual basis." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (citations omitted). Accordingly, where the prevailing party is the defendant, the district court may exercise its discretion to award such fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

Plaintiffs' federal claims against CCSD were based upon 42 U.S.C. § 1983. However, a successful claim under § 1983 requires that a plaintiff must first allege facts that show there was a deprivation of a right secured by the Constitution or laws of the United States. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). Attorneys' fees should be awarded where a plaintiff knowingly brings a §1983 action in the absence of a constitutional deprivation. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (upholding award of fees where plaintiff could not establish a constitutionally protected interest). Here, Plaintiffs failed to allege facts that showed the existence of any deprivation of a federal right. Moreover, as noted by this Court, Plaintiffs repeatedly acknowledged the lack of legal precedent supporting their contention that the Mask Mandate violated any federal right.

The entitlement to attorneys' fees rests on the equitable considerations of "the interest in preserving the integrity of the adversary judicial process that must "ultimately effectuat[e]" Congress' policies, *Christianberg*, 434 U.S. at 419 and compensating defendants for "shouldering the burden" of defeating "frivolous [or] unreasonable" claims that undermine that civil rights litigation. *Fox,* 131 S.Ct. at 2215; *see also Christianburg,* 434 U.S. at 420-21 (discussing legislative history of § 1988). Consideration of such equitable principles dictate that CCSD should be entitled to its attorneys' fees, as CCSD's budget should not be taxed with the burden of defending unsupported claims. See *Bravo v. City of Santa Maria*, 810 F.3d 659, 665 (9th Cir. 2016). *See also, Harris v. Maricopa County*

5

1 *Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011) (finding a "*defendant is entitled to 'the amount of attorneys' fees attributable exclusively to' a plaintiff's frivolous claims*.") (alteration in original); *Galen v. County of Los Angeles*, 477 F.3d 652, 668 (9th Cir. 2007) (holding that defendant is entitled to fees for the claims the court found were frivolous).

To determine whether a plaintiff's claims are sufficiently meritless to justify a fee award to the defendant, a court considers whether claims were frivolous and lacked foundation at the time they were brought, regardless of the plaintiff's subjective good faith in bringing such claims. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).  Fees have been found appropriate where reasonable inquiry was not made and which are insufficient as a matter of law.  See *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998) ("[H]ad appellants made a reasonable inquiry into the applicable facts and law before filing their case they would have discovered the insufficiency of their civil rights claim."); see also *Tutor-Saliba Corp.* 452 F.3d at 1060 (upholding award of fees where plaintiff could not establish a constitutionally protected interest).

Here, the District Court noted the numerous longstanding cases, from both the U.S. Supreme Court and the Ninth Circuit, that belied the existence of any constitutional deprivation here.  However, a successful claim for a substantive or procedural due process violation requires a showing of a deprivation of a right or liberty interest that is "deeply rooted in this Nation's history and tradition." *Tutor-Saliba Corp.,*  452 F.3d at 1061.  Additionally, in this case, Plaintiffs *acknowledged* the lack of precedent supporting the existence of a right to resist school health requirements; indeed, in their Motion for Preliminary Injunction, Plaintiffs acknowledged the long judicial acceptance of  state mandates for public health, but claimed that no "emergency" existed  to justify the mandates.  *See* ECF 8, p. 18.  But no "emergency"  was required to justify state laws requiring citizens to comply with mandates to receive or wear school vaccines, seat belts, helmets, shirts or shoes.  See cases, cited in Order, p. 7.  Plaintiffs presented no cognizable legal theory to depart from this longstanding legal precedent, and accordingly, their claims based on alleged due process deprivations were without merit.

Plaintiffs' equal protection violation claim against CCSD was *facially* groundless, as it was based on differences between the state-wide mandate, rather than the policy adopted by CCSD.

/ / /

6

Plaintiffs' claim under the Ninth Amendment was frivolous, as that Plaintiffs themselves acknowledged U.S. Supreme Court precedent stating that no substantive right arose from that amendment. Furthermore, the Ninth Circuit has also stated that this amendment does not create a specific right. *See Strandberg v. City of Helena*, 791 F.2d 744, 748 (1986).

Plaintiffs' claims for a violation of privileges and immunity claim was groundless, as no recognized privilege or immunity based on U.S. citizen ship was alleged was alleged. And here again, Plaintiffs' own counsel acknowledged that no precedent supported this claim.

As shown above, the federal claims brought by Plaintiffs were contrary to longstanding precedent, and Plaintiffs failed to advance any viable legal theory that would justify overturning such precedent. As there were neither legal theories nor facts that justified Plaintiffs' claims, an award of fees is appropriate.

**B.    CCSD's Requested Fees are Reasonable.**

CCSD requests an award of attorneys' fees in the amount $57,503.00. *See*, Affidavit of Kara Hendricks, **Exhibit C**, ¶ 3-4. This request is based on CCSD's counsel having billed for a total of 228.6 hours or attorney time, at rates ranging from $220 - $330 per hour, and for 15.8 hours of paralegal time, billed at $200 per hour. *Id*. at ¶ 3. Invoices for the service provided are attached hereto as **Exhibit D**.

Courts in the Ninth Circuit employ the process identified in *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) to evaluate a request for fees under these 42 U.S.C. § 1988. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (§ 1988). Under the *Hensley* framework, a court determining the amount of a reasonable fee typically proceeds in two steps. "First, courts generally apply the 'lodestar' method to determine what constitutes a reasonable attorney's fee. Second, the district court may then adjust the lodestar upward or downward based on a variety of factors." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted). Those factors, include Those factors may include, as relevant here, (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or

the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Local Rule 54-14 adopts a similar standard and indicates motions for attorney fees are to include a brief summary of the results obtained, the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal services, the preclusion of other work, the customary fee and whether it was fixed or contingent, the time limitations imposed by the circumstances, the desirability of the case, the experience and reputation of the attorneys, the nature and length of the professional relationship with the client, awards in similar cases and any other information the court may request. *See*, LR II 54-14(a)(3).

      **1.**      **The Proposed Lodestar is reasonable.**

Under the lodestar method, the district court "multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). A "reasonable hourly rate" is determined by the "prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984); *see also Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

More than six years ago, a federal courts in the District of Nevada have approved hourly rates in the amounts of $350 and $400 for attorneys in a civil rights case. See *Doud v. Yellow Cab of Reno, Inc.*, 3:13-cv-00664-WGC, at *8-9 (D. Nev. May 18, 2015). Here, the rates charged to CCSD, who receives a substantial discount from the firm of Greenberg Traurig, were below that accepted rate and well below the attorneys' respective customary rates:

| ATTORNEY | EXPERIENCE | CCSD RATE | CUSTOMARY RATE |
|---|---|---|---|
| Ferrario | >40 years | $330 | $700 |
| Hendricks | >20 years | $290 | $545 |
| Cowden | >30 years | $220 | $635 |
| Welch-Kirmse | >10 years | $220 | $430 |
| Jordan | >2 years | $220 | $325 |

///

///

See Ex. C, ¶ 8. The CCSD rate for paralegal time is similarly reduced to $200, from the customary rate of $295. *Id.* at ¶ 8. While the federal courts in Nevada have thus far approved an hourly billing rate for paralegals in this community, of only as high as $125, *see LHF Prods., Inc. v. Kabala*, Case No. 2:16-cv-0208-JAD-NJK, 2019 WL 7403960, at *8 (D. Nev. Dec. 31, 2019)., this reflects only an increase of $25 from a rate approved seven years prior. *Nevada v. Renown Health*, Case No. 3:12-cv-00409 (D. Nev. Aug. 10, 2012) ("the reasonable hourly rate for paralegals in this district is between $75 and $125"). However, these rates do not appear to reflect actual current market prices. Indeed, more than ten years ago, in 2011, a Nevada federal court noted that an arbitrator had *reduced* the charged paralegal rates to $165 per hour for paralegals in a case involving federal statutory rights. " $1" *IN RE WaL-Mart Wage Hour Employment Practices LITI*, MDL 1735 2:06-CV-00225-PMP-PAL, at *15 (D. Nev. Oct. 11, 2011).

As the rates charged to CCSD reflect significant reductions from the rates customarily charged in this community, the rates charged should be deemed reasonable hourly fees for purposes of the lodestar.

### i.   *Time and Labor Required*

The work involved included responding to six causes of action, in a 27-page complaint contained more than one hundred allegations. CCSD was required to prepare a Motion to Dismiss. Additionally, CCSD was required to respond to Plaintiffs' "Emergency" Motion for Preliminary Injunction. Time was also spent, as noted, analyzing and refuting Plaintiffs' purported data, communicating with the client and with opposing counsel, and in preparing for and attending the hearing of the motions. Additionally, CCSD's counsel prepared a motion to consolidate as counsel for Plaintiffs filed a substantially similar action and had to expend the time to research and draft this Motion, estimated to be 11 hours at Ms. Cowden's rate, and 4 hours at Ms. Hendrick's rate, plus any anticipated time preparing a reply and attending a hearing.

### ii.  *Novelty and Difficulty of the Questions Involved*

The hours spent on these tasks was reasonable and necessary, in light of the number of claims raised by Plaintiffs. While caselaw makes clear that Plaintiffs' claims were meritless, Plaintiffs'

///

9

attorneys were required to conduct the necessary research and to draft the appropriate motion and opposition.

### iii. The skill required to perform the legal service properly

CCSD, as the political subdivision responsible for maintaining control of the education of children within Clark County, is in a unique position and requires high-quality legal counsel especially when it is faced with allegations that it violated persons' Constitutional Rights. Therefore, a significant degree of skill is required to successfully defend a high-profile entity such as CCSD on the constitutional and other claims asserted by Plaintiffs.

### iv. The preclusion of other employment by the attorney due to acceptance of the case

During the time that the attorneys at Greenberg Traurig were working on this case, they were precluded from working and billing on their other matters.

### v. The customary fee

The hourly fees charged to CCSD are substantially less than those customarily charged by the respective attorneys who worked on the case as detailed in Exhibit C at ¶ 8.

Consideration of the above factors establishes that the proposed lodestar is reasonable.

**2. No Reduction from the Lodestar is Appropriate.**

The Ninth Circuit has stated on several occasions that "only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Id.* (citing *Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1464 (9th Cir. 1988); *Cunningham v. County of Los Angeles,* 879 F.2d 481, 484 (9th Cir. 1988). The court decides whether to adjust the lodestar calculation based on an evaluation of the remaining factors articulated in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). Application of those remaining factors show that no reduction is warranted.

### i. Whether the fee is fixed or contingent

This factor is relevant only where a plaintiff is seeking fees.

/ / /

/ / /

### ii. The time limitations imposed by the client or the circumstances

This case was served on CCSD in late September. Two briefs, one seeking dismissal, and the other opposing Plaintiffs' requested injunctive relief were both filed within mere weeks. Additionally, CCSD filed a motion to consolidate after counsel for Plaintiffs' filed a substantially similar matter challenging the Mask Mandate.

### iii. The amount involved and the results obtained

It is not known what amount Plaintiffs sought for monetary damages for the purported constitutional violations. However, as Plaintiffs' purported to represent a class composed of virtually all of the more than 320,000 students enrolled in CCSD schools, the potential damages of all students appears well above that amount of fees incurred. As to results, all claims against CCSD have been dismissed. Accordingly, the result was extremely positive result considering the potential liability in question.

### iv. The undesirability of the case, if any

As mentioned, CCSD's attorneys perform legal work for it at a reduced hourly rate. Otherwise, CCSD does not submit that the desirability of the case is a factor in determining the reasonableness of the fees.

### v. The experience, reputation, and ability of the attorney

The quality of the legal work performed for the CCSD was high. Lead counsel on the case included Mark E. Ferrario, Esq., Kara B. Hendricks, Esq, Whitney B. Welch-Kirmse, and Tami D. Cowden. The bios of each attorney are included in Ex. 1 to Exhibit C. All are highly respected attorneys in the Las Vegas community with extensive litigation experience. Moreover, the law firm of Greenberg Traurig, LLP is rated AV by Martindale Hubbell. The quality of this firm and the skills of the attorneys who worked on the case are well known in Las Vegas. Thus, the quality of the advocacy provided is among the highest available to Defendants in pursuing this action.

### vi. The nature and length of the professional relationship with the client

The firm of Greenberg Traurig has been representing CCSD for more than twelve years. Mark Ferrario has represented CCSD for over fifteen years in a variety of administrative matters and complex litigation cases.

      *vii.*      *Awards in similar cases*

Defendants have not found a comparable case where Plaintiffs have brought multiple unsupported constitutional claims and failed to satisfy any of them as a matter of law. However, given that CCSD's counsel performed over 228 hours of legal tasks at substantially reduced rates, CCSD's attorneys' fees of $57,503.00 are inherently reasonable.

## CONCLUSION

Based on the foregoing, CCSD respectfully requests the court award its attorney fees in the amount of $57,503.00 plus additional fees associated with preparing the subject motion, any reply and attending any hearing.

DATED this 5th day of January 2022.

                **GREENBERG TRAURIG, LLP**

                By: */s/ Kara B. Hendricks*
                      MARK E. FERRARIO (Bar No. 1625)
                      KARA B. HENDRICKS (Bar No. 7743)
                      TAMI D. COWDEN (Bar No. 8994)
                      WHITNEY L. WELCH-KIRMSE (Bar No. 12129)
                      10845 Griffith Peak Drive, Suite 600
                      Las Vegas, Nevada 89135

                      *Attorneys for Defendant Clark County School District*

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 5, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

*/s/ Evelyn Escobar-Gaddi*
An employee of GREENBERG TRAURIG, LLP
