MARK E. FERRARIO
Nevada Bar No. 01625
KARA B. HENDRICKS
Nevada Bar No. 07743
TAMI D. COWDEN
Nevada Bar No. 08994
WHITNEY L. WELCH-KIRMSE
Nevada Bar No. 12129
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: ferrariom@gtlaw.com
     hendricksk@gtlaw.com
     cowdent@gtlaw.com
     welchkirmsew@gtlaw.com
*Counsel for Defendant Clark County School District ("CCSD")*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MONICA BRANCH-NOTO, individually and on behalf of JOHN DOE MINOR NO. 1, as guardian of said minor, TIFFANY PAULSON, individually and on behalf of JOHN DOES MINOR NO. 2 and JANE DOE MINOR NO. 1, as guardian of said minors,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN F. SISOLAK, in his official capacity as Governor of the State of Nevada, AARON DARNELL FORD, in his official capacity as the Attorney General of the State of Nevada, CLARK COUNTY SCHOOL DISTRICT, a public entity, DOES 1 Trough 100,<br><br>Defendants. | Case No. 2:21-cv-01507-JAD-DJA<br><br>**CLARK COUNTY SCHOOL DISTRICT'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**<br><br>[ORAL ARGUMENT REQUESTED] |

///

///

0

Clark County School District ("CCSD"), by and through its undersigned counsel, GREENBERG TRAURIG, LLP, hereby submit this Reply in Support of its Motion for Attorneys' Fees ("Reply"). This Reply is based on the following Memorandum of Points and Authorities, and any oral argument entertained by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

CCSD's Motion demonstrates that Plaintiffs' action was frivolous, unreasonable and without foundation. In response, Plaintiffs claim ignorance and rely instead on more frivolous arguments to try and avoid paying CCSD's fees. This does not change the fact that Plaintiffs brought an action which they knew was unsupported by longstanding legal precedent and based on theories regarding public health measures that were unsupported. Plaintiffs' claims were frivolous and CCSD should be awarded its attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54-14, and Title 42 U.S.C. § 1988.

### ARGUMENT

CCSD should be awarded its attorneys' fees, as the Plaintiffs claims were brought without reasonable grounds. Attorneys' fees should be awarded where a plaintiff knowingly brings a § 1983 action in the absence of a constitutional deprivation. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (upholding award of fees where plaintiff could not establish a constitutionally protected interest). Here, Plaintiffs failed to allege facts that showed the existence of any deprivation of a federal right. Moreover, as noted by this Court, Plaintiffs repeatedly acknowledged the lack of legal precedent supporting their contention that the Mask Mandate violated any federal right.

To determine whether a plaintiff's claims are sufficiently meritless to justify a fee award to the defendant, a court considers whether claims were frivolous and lacked foundation at the time they were brought, regardless of the plaintiff's subjective good faith in bringing such claims. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). Fees have been found appropriate where reasonable inquiry was not made and which are insufficient as a matter of law. See *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998) ("[H]ad appellants made a reasonable inquiry into the applicable facts and law before filing

1

their case they would have discovered the insufficiency of their civil rights claim."); see also *Tutor-Saliba Corp.* 452 F.3d at 1060 (upholding award of fees where plaintiff could not establish a constitutionally protected interest).

Here, the District Court noted the numerous longstanding cases, from both the U.S. Supreme Court and the Ninth Circuit, that belied the existence of any constitutional deprivation in this case. However, a successful claim for a substantive or procedural due process violation requires a showing of a deprivation of a right or liberty interest that is "deeply rooted in this Nation's history and tradition." *Tutor-Saliba Corp.,* 452 F.3d at 1061. Plaintiffs presented no cognizable legal theory to depart from this longstanding legal precedent, and accordingly, their claims based on alleged due process deprivations were without merit. Plaintiffs' equal protection violation claim against CCSD was *facially* groundless, as it was based on differences between state-wide mandates, rather than the policy adopted by CCSD.

Plaintiffs' claim under the Ninth Amendment was frivolous, as that Plaintiffs themselves acknowledged U.S. Supreme Court precedent stating that no substantive right arose from that amendment. Furthermore, the Ninth Circuit has also stated that this amendment does not create a specific right. *See Strandberg v. City of Helena*, 791 F.2d 744, 748 (1986).

Plaintiffs' claims for a violation of privileges and immunity claim was groundless, as no recognized privilege or immunity based on U.S. citizenship was alleged. And here again, Plaintiffs' own counsel acknowledged that no precedent supported this claim.

As shown above, the federal claims brought by Plaintiffs were contrary to longstanding precedent, and Plaintiffs failed to advance any viable legal theory that would justify overturning such precedent. As there were neither legal theories nor facts that justified Plaintiffs' claims, an award of fees is appropriate.

A. **SCHOOL DISTRICTS ARE AUTHORIZED BY STATUTE TO EMPLOY OUTSIDE COUNSEL**

Plaintiffs argue CCSD is precluded from seeking fees because it retained outside counsel to represent CCSD in this matter. (Resp., 3:18-25). Plaintiffs offer no legal authority to support their contention that the use of outside counsel by a school district is prohibited or cuts against an award of

/ / /

2

fees and costs. Plaintiffs also ignore that under Nevada law school districts are expressly authorized to retain outside counsel as deemed necessary. NRS 386.410.[1]

Furthermore, regardless of the identity of counsel, CCSD required legal representation to defend itself in this matter. *Salman v. Newell,* 110 Nev. 1333, 1336, 885 P.2d 607, 608 (1994) (observing that no statute or rule permits a non-lawyer to represent an entity and concluding that an entity cannot proceed in proper person)." Plaintiffs' contention that no fees would have been incurred had CCSD relied on its own general counsel is without merit. Had in-house counsel been used, those attorneys could not have devoted their attention to other matters. Accordingly, CCSD would have still been entitled to reimbursement for the reasonable value of the work performed. *See Green Tree Servicing, LLC v. Collegium Fund LLC*, No. 2:15-cv-00700-GMN-GWF, at *3 (D. Nev. Oct. 5, 2016) (awarding fees to party represented by in house counsel). Accordingly, there is no basis for denying CCSD because outside counsel was employed to defend the matter.

### B. PLAINTIFFS' DISREGARD OF CONSTITUTIONAL LAW DOES NOT JUSTIFY FILING UNSUPPORTED CLAIMS.

Preliminarily, Plaintiffs concede that where, in a §1983 claim, the prevailing party is the defendant, the district court may exercise its discretion to award such fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978). However, their attempt to demonstrate that their claims were supported by reasonable grounds fails. Indeed, Plaintiffs arguments only support that award for fees is warranted.

For example, Plaintiffs attempt to justify a constitutional challenge to a school mask mandate by arguing that such mandates are not currently in use in other states. (Resp., 7:22). Plaintiffs thus appear to equate unconstitutionality with absence. In doing so, Plaintiffs ignore the abundant caselaw upholding the constitutionality of assorted mandates, ranging from requiring vaccines to wearing shoes, simply because Plaintiffs included speculative allegations of potential injury in their complaint.

---

[1] Oddly, Plaintiffs contends that the Nevada Attorney General should have represented CCSD, because the complaint challenged an executive order. Plaintiffs' Response Opposition to Defendant CCSD's Motion for Attorneys Fess [sic], ECF Doc. 43, p. 4. Not surprisingly, Plaintiffs present no authority for the notion that the attorney general is required to defend all defendants in an action that challenges an executive order.

(Resp. 8:4-9) Plaintiffs effectively contend that legal precedent is irrelevant to a determination of whether there are legal grounds to support a claim.

Plaintiffs next appear to contend that because school board meetings allow public attendance, parents are therefore, afforded a constitutional right to directly participate in all policy decisions. (Resp. 8:19). Again, however, Plaintiffs do not offer any legal support to justify their theory that permission to attend public meetings equate to a constitutional right to participate in specific policy making.

Plaintiffs then suggest that the lack authority to support their position is based on the novel circumstances presented by pandemic. (Resp. 9-12). But, as noted above and as reflected in the Court's Order, *there is an abundance of legal authority holding that mandates similar to that involved here are not unconstitutional.* Had Plaintiffs sincerely considered such legal authority, they would have discovered the absence of constitutional support for their claims.

C. **CCSD'S REQUESTED FEES ARE REASONABLE.**

  1. <u>CCSD is Entitled to Legal Work Performed from the Time It Became Aware of the Complaint.</u>

Plaintiffs note that CCSD received representation prior to the time the Complaint was actually served, apparently suggesting that performance of work before service was not reasonable. However, as noted in the Motion, Plaintiffs had made certain the filing of the Complaint was widely reported to the public. Here, the retention of counsel and the work performed was on the litigation. It cannot be deemed unreasonable for a defendant to seek counsel once aware of litigation against it. This is particularly so given that courts routinely award fees to successful a plaintiff for fees performed in advance of filing the suit. *See A.V. v. Lemon Grove Sch. Dist.*, Case No.: 3:16-cv-0803-CAB-(BLM), at *11 (S.D. Cal. July 1, 2017) (noting that fees for services performed prior to a lawsuit is formally filed may be awarded, provided the work was "on the litigation.").

/ / /

/ / /

/ / /

/ / /

      **2.**    <u>CCSD Has Provided Sufficient Evidence to Show the Work was Both Reasonable and Necessary</u>

Plaintiffs contend that the requested fees are unreasonable because of, excessive billing, redactions, and duplicated effort. (Resp. 16-19). This claim is without merit. Indeed, despite claiming inaccuracies, Plaintiffs failed to cite a single example of a purported inaccurate entry.

Plaintiffs also claim that the certain billing entries should not be included because they were related to the Ruiz case. (Resp. 22). Plaintiffs first reference billing entries on 10/25/21 which indicate counsel reviewed a new complaint filed by the same counsel involved in this matter that asserted similar claims. Although the new complaint necessitated a motion to consolidate herein, CCSD will deduct the total time entries of .3 which totaled $87 from its fee request. Plaintiffs also argue that there is a total of 13.3 hours billed on a case that is not under this Court's jurisdiction. (Resp. 22). However, the billing statements that Plaintiffs attached as Exhibit 3 to the Response are from an entirely different matter and are not a part of CCSD's fee request herein.[2]

Plaintiffs challenge entries that have redactions. However, all entries for which fees are sought, and which contains redactions show the nature of work performed. The redactions are mostly limited to one or two words in a billing entry, blocking out the specific topic discussed between Plaintiffs and CCSD's in-house counsel, and which is protected by the attorney-client privilege. The unredacted portions are sufficient for the plaintiffs to determine whether the tasks in which the attorneys were engaged were related to the litigation.

Next, Plaintiffs contend that too many hours were spent in working on the briefing made necessary in this litigation. Plaintiff makes conclusory assertions about how much time should have been spent on the documents, apparently based on the number of pages contained therein. Plaintiffs do not consider that the Motion to Dismiss included discussion of nine U.S. Supreme Court cases; fourteen cases from the U.S. Courts of Appeal, eleven U.S. District Court decisions, and three state court decisions. In addition to analyzing the above cases for use in the Motion to Dismiss, CCSD's

---

[2] Greenberg Traurig's billing number for this matter is 120810.013800. Although Greenberg Traurig also represented CCSD in a matter filed by the Ruiz Plaintiffs, that file number is 120810.014100. Invoices for the Ruiz matter were not included with the subject Motion for Fees although Plaintiffs have included the same with Exhibit 3 to the Response.

counsel had to engage in research to locate those cases, a task that obviously involving the analysis of many additional cases. This work was undertaken after having analyzed the Complaint, which contained six causes of action, purportedly based on numerous constitutional provisions. Additionally, as shown in the Motion to Dismiss, CCSD's counsel reviewed dozens of announcements, public reports, and medical and educational recommendations related to COVID-19. CCSD attorneys compiled the legal analysis into a motion, and then took care to present as polished and easy-to-read a document was could be reasonably expected. Plaintiffs may deride the effort CCSD's counsel puts into its work product, but the legal quality presented speaks for itself.

Similar efforts were put in the Opposition to Motion for Preliminary Injunction and the Reply In Support of Motion to Dismiss. Plaintiffs falsely claim that seventy percent (70%) of the caselaw contained in the Opposition was used in the Motion to dismiss. In fact, the overlap constitutes less than fifty percent (50%). Further, the Opposition required the review of additional authorities cited by Plaintiff relating to the pandemic and purported ill effects of masks, most of which were outdated or rebutted by other credible sources. Notwithstanding, the preparation of the Opposition took less than half the time that the preparation of the Motion to Dismiss had taken. As might be expected, the Reply took even less time to prepare, even though it included analysis of nine cases not addressed in the Motion to Dismiss. Clients are entitled to zealous advocacy, and it is not unreasonable for the preparation of briefs to be thorough and painstaking, particularly under the circumstances at issue.

Nor can it be said that the work is duplicative merely because multiple attorneys participate. *McGrath v. County of Nevada*, 67 F.3d 248, 256 (1995). It is not uncommon for different attorneys to work on different sections of a brief, and it is appropriate that more than one attorney engage in revision and editing to produce polished work product.

The Supreme Court has indicated that the degree of success obtained is "the most critical factor" in determining the reasonableness of fees. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). CCSD's counsel dedicated work produced a successful outcome. Plaintiffs have failed to identify any work performed that was unnecessary for that outcome.

/ / /

/ / /

3.   <u>CCSD Provided Sufficient Documentary Support.</u>

CCSD incurred fees in the amount of $57,503.00 in defending this action. In support of its Motion seeking an award in that amount, CCSD presented the billing records and invoices showing the work performed. **Mot. Ex. D.** CCSD also submitted the biographies of the attorneys who performed the work, and a declaration by a senior attorney on the case asserting that the work performed was reasonable and necessary, and setting forth the customary billing rates of each attorney and paralegal, as well as the *considerably reduced rates* charged to CCSD for the work performed. **Mot. Ex. C** CCSD also provided information regarding the hourly rates approved by courts as reasonable for similar work in the District of Nevada. (Mot. 8:17-26). Despite this information, Plaintiffs baldly contend that CCSD failed to establish the market rates for attorneys in this field and location. (Resp. 15:22-24)

Plaintiffs also argue that CCSD was required to provide an affidavit from each attorney who worked on the case, replying on authority from the First Circuit.. (Resp. 20) However, the required contents of a motion for attorneys' fees in the Federal District of Nevada is governed by LR II 54-14. In this District, a single affidavit, from the attorney with oversight responsibility for billings in the case is required. LR II 54-14(b). That is what CCSD provided here. **Mot. Ex. C.** Similarly, rather than affidavits from participating attorneys as to the market rates, the local rule requires reference to awards in similar cases. LR II 54-14(a)(L). Plaintiffs failure to research the applicable law has led them to make an unsupported claim.

4.   <u>Plaintiffs have failed to show an Inability to Pay a Fee Award.</u>

Plaintiffs contend that fees should not be awarded because CCSD's resources are greater than theirs. They claim to have attached affidavits showing their financial condition, but there is only one affidavit, from Plaintiff Tiffany Paulson. Ms. Paulson does not present information about her financial condition in the affidavit, but instead, uses the affidavit to complain about CCSD.

Plaintiffs themselves assert that a party who seeks to decrease a fee award based on limited finances must plead and prove their financial status, citing *Gibbs v. Clements Food Co.*, 949 F.2d 344, 345 (10th Cir. 1991). (Resp. 22:2-2). Plaintiffs failed to meet this requirement.

///

# CONCLUSION

Based on the foregoing, CCSD respectfully requests the court award its attorney fees in the amount of $57,416.00 plus additional fees associated with preparing the subject motion, any reply and attending any hearing.

DATED this 26th day of January 2022.

**GREENBERG TRAURIG, LLP**

By: /s/ Kara B. Hendricks
MARK E. FERRARIO
State Bar No. 01625
KARA B. HENDRICKS
State Bar No. 07743
TAMI D. COWDEN
Nevada (Bar No. 08994
WHITNEY L. WELCH-KIRMSE
Nevada Bar No. 12129
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135

*Attorneys for Defendant Clark County School District*

ACTIVE 62593982v4

# CERTIFICATE OF SERVICE

I hereby certify that on **January 26, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

/s/ Evelyn Escobar-Gaddi
An employee of GREENBERG TRAURIG, LLP