# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Monica Branch-Noto, et al.,

     Plaintiffs

v.

Stephen E. Sisolak, *in his official capacity as Governor of the State of Nevada*, et al.,

     Defendants

Case No.: 2:21-cv-01507-JAD-DJA

**Order Granting in Part Motion for Attorneys' Fees**

[ECF No. 42]

Citing the Ninth and Fourteenth Amendments, two parents of public-school students sued Nevada state officials and the Clark County School District (CCSD), seeking to enjoin COVID-19 mitigation policies that required face coverings for indoor activities during in-person instruction. Following a hearing last fall, I found that the plaintiff-parents hadn't established a viable legal basis for their federal claims, so I dismissed them. I further declined to exercise supplemental jurisdiction over the remaining state-law claims and closed this case. CCSD now moves for attorneys' fees, arguing that this case should never have been filed because the plaintiffs' claims were meritless from the start. Plaintiffs counter that the district shouldn't have hired outside counsel and that the requested fees are unreasonable. Because I find that CCSD was within its rights to hire counsel, plaintiffs' claims were legally frivolous, and the fees requested are largely reasonable, I grant the motion in part and award the district $57,021 in fees.

**Discussion**

**I.     Under state law, CCSD is permitted to hire outside counsel.**

Plaintiffs' primary argument against awarding CCSD fees is that it was improper for the district to employ private legal counsel to defend itself in this case.[1]  They contend that because the suit challenged two executive orders, the Attorney General's office was required to represent all defendants unless disqualified from doing so, and that otherwise, the district should've used its in-house general counsel's office to defend itself.[2]  Had it taken either of those two approaches, plaintiffs argue, the district would have "saved" the fees it now seeks to recover.[3]

As CCSD points out,[4] plaintiffs' arguments about the district's choice of counsel have little basis in law or fact.  Plaintiffs' claims not only directly challenged two of the governor's executive orders, but also sought a judicial declaration that CCSD's "Updated Mask and Health Guidance for the 2021–22 School Year is null and void, of no effect, as . . . [u]nconstitutional under the Ninth [and] Fourteenth Amendment[s and a]rbitrary and capricious, . . . [c]ontrary to [a c]onstitutional right, power, privilege, or immunity in violation of the United States Constitution . . . ."[5]  So even if the Attorney General's office were statutorily required to represent all defendants when state-executive orders are litigated—a proposition for which plaintiffs provide no support—CCSD would still need representation to dispense with the challenge to its district policies because plaintiffs' claims were broader than they imply post hoc.

---

[1] ECF No. 43 at 3–7.

[2] *Id.*

[3] *Id.*

[4] *See* ECF No. 44 at 2–4.

[5] ECF No. 1 at 25–26.

2

1   Nor was the district under any compulsion to utilize its general counsel's office.  Under

2   Nevada Revised Statute (NRS) 386.410, "[t]he board of trustees of a school district may employ

3   private legal counsel when the board determines that such employment is necessary."[6]  Although

4   plaintiffs correctly state that the district's general counsel's office typically represents CCSD in

5   litigation,[7] they provide no reason that it is *obligated* to use its in-house attorneys.  Under state

6   law, CCSD was well within its statutory right to hire outside counsel to defend itself in this

7   matter.

8   **II.     As the prevailing party in a frivolous civil-rights case, CCSD is entitled to fees.**

9   The American Rule instructs that each party in litigation "bear[s] its own attorney[s'] fees

10  in the absence of a rule, statute, or contract authorizing an award of fees."[8]  Under 42 U.S.C.

11  § 1988, district courts have the discretion to award fees to the prevailing party in federal civil-

12  rights cases.[9]  But attorneys' fees should only be awarded to a prevailing defendant when the

13  court finds that the plaintiffs' action "was frivolous, unreasonable, or without foundation, even

14  though not brought in subjective bad faith."[10]  "An action becomes frivolous when the result

15  appears obvious or the arguments are wholly without merit, and a defendant can recover if the

16  plaintiff violates this standard at any point during the litigation, not just at the inception."[11]

17  Plaintiffs asserted federal claims under the Ninth Amendment; the Due Process,

18  Privileges or Immunities, and Equal Protection Clauses of the Fourteenth Amendment; and the

19

---

20  [6] Nev. Rev. Stat. § 386.410.

21  [7] *See, e.g.*, *Quintana v. Clark Cnty. Sch. Dist.*, Case No. 2:21-cv-00023-GMN-NJK.

    [8] *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

22  [9] 42 U.S.C. § 1988.

23  [10] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

    [11] *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007).

1  equal-protection principle of the Due Process Clause of the Fifth Amendment.[12]  At oral

2  argument, plaintiffs' counsel conceded that most of these claims were unsupported by any case

3  law.[13]  And as described more fully in the dismissal order, many Supreme Court and Ninth

4  Circuit cases directly foreclosed any argument in favor of them.[14]

5        It has long been established that there is no private right of action arising under the Ninth

6  Amendment, so plaintiffs' claim brought on that basis is without foundation.[15]  The same goes

7  for the claim under the Fifth Amendment's equal-protection principle, which does not supply a

8  right of action against local-government actors.[16]  And plaintiffs could not bring a Fourteenth

9  Amendment procedural-due-process claim to challenge broadly applicable policies such as

10  school-district-wide mask mandates.[17]  The Fourteenth Amendment equal-protection and

11  privileges-or-immunities claims lacked merit because plaintiffs alleged no facts implicating a

12  right of national citizenship or disparate treatment against a protected class.[18]  Finally, although

13  substantive-due-process principles create a fundamental right for parents to make decisions about

14  their children, that right has never been found to be so broad as to entitle them to undermine

15  local public-health pandemic-mitigation efforts.[19]  And plaintiffs presented no reasons to depart

16  from precedent that has narrowly construed this fundamental right and rejected using rational-

---

[12] *See* ECF No. 1 at ¶¶ 62–85, 94–103.

[13] *See, e.g.*, ECF No. 45 at 34, 56, 59 (transcript of Nov. 16, 2021, hearing).

[14] *See generally* ECF No. 38.

[15] *Id.* at 17 & n.84 (citing *Strandberg v. City of Helena*, 791 F.2d 744, 748 (1986)).

[16] *Id.* at 18 n.86 (quoting *Detroit Bank v. United States*, 317 U.S. 329, 337 (1943); *Buckley v. Valeo*, 424 U.S. 1, 93 (1976); *Bolling v. Sharpe*, 347 U.S. 497, 500 (1954)).

[17] *Id.* at 15–16 & n.81 (citing *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1261 (9th Cir. 1994); *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915)).

[18] *Id.* at 18–20.

[19] *Id.* at 7–14 (citations omitted).

basis review efforts to expand it.[20]  At oral argument, counsel acknowledged many of these realities fatal to plaintiffs' claims.[21]  Because amendment would've been futile, I dismissed with prejudice all these federal claims.[22]  For the same reasons, I now find that they were frivolous, unreasonable, or without foundation, so CCSD is entitled under § 1988 to recover its reasonable attorneys' fees for defending against them.

## III.     The fees requested are reasonable except as to the paralegals.

The lodestar method is the required starting point when determining reasonable-fee awards and is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."[23]  Requests for attorney's fees must also meet the requirements of Local Rule 54-14, which requires any application to include an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorney performed.[24]  After calculating a lodestar figure, the court may review the reasonableness of the award under the factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the

---

[20] *Id.* at 7–10.

[21] *See, e.g.*, ECF No. 45 at 34, 56, 59.

[22] *Id.* at 21.

[23] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

[24] L.R. 54-14(a)–(b).

attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[25]

Although lodestar figures are presumed reasonable, district courts may decrease or—in rare circumstances—increase them.[26]

I have reviewed CCSD's motion, plaintiffs' response, the district's reply brief, the attorney's affidavit, the firm's billing records, and relevant hourly rates under the *Kerr* factors, the fee provisions of § 1988, and Local Rule 54-14.  CCSD requests $57,416 in fees.[27]  The district includes an attorney affidavit and billing records showing that five attorneys and a paralegal worked on the case for approximately 228 hours at hourly rates between $200 and $330.[28]  These professionals spent significant time and effort in the face of a scattershot lawsuit asserting various, frivolous deprivations of constitutional rights.  They forewent other work to thoroughly prepare their briefing and argument in this case.  And although the case didn't involve damages, CCSD's counsel successfully defended the district and achieved a with-prejudice dismissal of plaintiffs' complaint.  All these factors, as well as the lengthy relationship the firm has with CCSD, militate toward finding the requested lodestar calculation reasonable.

And I find that the rates charged and amount of work performed, compared to the local legal market and circumstances of this case, further establish the reasonableness of the lodestar

---

[25] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citation omitted).

[26] *Hensley*, 461 U.S. at 434–37 (requiring a clear reason for adjusting the amount awarded and noting that, in exceptional cases, an enhancement may be warranted); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (noting that an applicant seeking more than the lodestar amount must show that it is "necessary" and reversing an enhancement of attorney's fees based on a contingency-fee agreement).

[27] ECF No. 44 at 9.  The district's motion requested $57,503, but in its reply brief, it removed the $87 billed for the time spent on a motion to consolidate.  *Compare* ECF No. 47 at 13 *with* ECF No. 44 at 6.

[28] ECF No. 47-3; ECF No. 47-4.

calculation.  The attorneys bill the district using significantly reduced hourly rates—enough so that the rates charged are well below the Las Vegas legal market for attorneys of their experience.  The attorneys' fees requested are thus reasonable.  But the same cannot be said for the paralegal fees.  Based on the evidence of local billing rates that I routinely receive in civil-litigation matters before me, I find that the current local rate for paralegals is between $125 and $175 per hour, so the $200 rate that CCSD seeks is too high.  I thus grant the motion in part, reducing the requested award by $395, and awarding the district a total of $57,021 in fees.

**Conclusion**

IT IS THEREFORE ORDERED that CCSD's motion for attorneys' fees **[ECF No. 42] is GRANTED in part**.  I award the Clark County School District $57,021.00 in attorneys' fees against plaintiffs.  The Clerk of the Court is directed to **ENTER AN AMENDED JUDGMENT** accordingly.

_____
U.S. District Judge Jennifer A. Dorsey
July 26, 2022